WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Wachovia Financial Center
200 South Biscayne Boulevard., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Thomas E Lauria
(admitted pro hac vice)
Rudolph F. Aragon
(admitted pro hac vice)
John K. Cunningham (JC 4661)

ATTORNEYS FOR THE AD HOC COMMITTEE
OF KENTON COUNTY BONDHOLDERS

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELTA AIR LINES, INC., et al., | Case No. 05-17923 (ASH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF APPEAL**

PLEASE TAKE NOTICE that the Ad Hoc Committee of Kenton County Bondholders (the "Kenton County Bondholders Committee"), as holders (or investment advisors to holders) of the $419,000,000 Kenton County Airport Board, Special Facilities Revenue Bonds, 1992 Series A (Delta Air Lines, Inc. Project) and the $19,000,000 Kenton County Airport Board, Special Facilities Revenue Bonds, 1992 Series B (Delta Air Lines, Inc. Project) issued pursuant to that certain trust indenture dated February 1, 1992, between Kenton County Airport Board, as

issuer, and Star Bank, N.A., as trustee,[1] and guaranteed by Delta Air Lines, Inc. (collectively with its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases, the "Debtors") pursuant to that certain guaranty dated February 1, 1992, by and through its undersigned counsel, hereby appeal to the United States District Court for the Southern District of New York under 28 U.S.C. § 158(a) from the Order Granting Debtors' Motion For Entry of An Order (I) Approving Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019, (II) Approving the Rejection of Certain Agreements Under Section 365 and (III) Authorizing the Entry into Certain New Agreements Under Section 363 (Docket No. 5916) (the "Order") entered by the United States Bankruptcy Court for the Southern District of New York (Judge Adlai S. Hardin, Jr.) on April 24, 2007.  A copy of the Order appealed from is attached hereto as Exhibit A.

The names of all parties to the orders appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

| Parties | Attorneys |
|---|---|
| Ad Hoc Committee of Kenton County Bondholders | John K. Cunningham, Esq.<br>White & Case LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>Phone:  (305) 371-2700 |
| The Debtors | Marshall S. Huebner, Esq..<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017<br>Phone:  (212) 450-4000 |

---

[1]  UMB Bank, N.A. is successor trustee to Star Bank, N.A.

| | |
|---|---|
| Official Committee of Unsecured Creditors | Daniel H. Golden, Esq.<br>Lisa G. Beckerman, Esq.<br>David H. Botter, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>590 Madison Avenue<br>New York, NY 10022<br>Phone:  (212) 872-1000 |
| Kenton County Airport Board | William Ziegler, Esq.<br>Matthew C. Smith, Esq.<br>Ziegler & Schneider, P.S.C.<br>541 Buttermilk Pike, Suite 500<br>P.O. Box 175710<br>Covington, KY  41017-5710<br>Phone:  (859) 426-1300<br><br>Selinda A. Melnik, Esq.<br>Edwards Angell Palmer & Dodge LLP<br>919 North Market Street, Suite 1500<br>Wilmington, DE 19801<br>Phone:  (302) 425-7103 |
| UMB Bank, N.A. | William W. Kannel, Esq.<br>Daniel S. Bleck, Esq.<br>Ian A. Hammel, Esq.<br>Mintz Levin Cohn Ferris<br>Glovsky & Popeo, P.C.<br>One Financial Center<br>Boston, MA 02111<br>Phone:  (617) 542-6000 |
| United States Trustee | Greg M. Zipes, Esq.<br>Office of the United States Trustee<br>33 Whitehall Street<br>Suite 2100<br>New York, NY 10004<br>Phone:  (212) 510-0500 |

Dated: April 25, 2007
Miami, Florida

        WHITE & CASE LLP
        1155 Avenue of the Americas
        New York, New York  10036-2787
        (212) 819-8200

        Wachovia Financial Center
        200 South Biscayne Boulevard, Suite 4900
        Miami, Florida 33131
        (305) 371-2700

        By:   \s\   John K. Cunningham
             John K. Cunningham (JC 4661)
             Thomas E Lauria
             Rudolph F. Aragon

        ATTORNEYS FOR THE AD HOC COMMITTEE
        OF KENTON COUNTY BONDHOLDERS

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: :
 : **Chapter 11 Case No.**
 :
**DELTA AIR LINES, INC., et. al.,** : **05-17923 (ASH)**
 :
 : **(Jointly Administered)**
**Debtors.** :
 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING SETTLEMENT AGREEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019, (II) APPROVING THE REJECTION OF CERTAIN AGREEMENTS UNDER SECTION 365 AND (III) AUTHORIZING THE ENTRY INTO CERTAIN NEW AGREEMENTS UNDER SECTION 363**

Upon the motion dated March 8, 2007 (the "**Motion**")[1] of Delta Air Lines, Inc. ("**Delta**") and those of its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"),[2] for entry of an order approving the Settlement Agreement among Delta, the Kenton County Airport Board ("**KCAB**") and UMB Bank, N.A., as trustee, (the "**Bond Trustee**") with respect to Delta's occupancy of certain facilities at the Cincinnati/Northern Kentucky International Airport (the "**Airport**") pursuant to Federal Rule of Bankruptcy Procedure 9019 and sections 105, 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), and authorizing (i) the

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Settlement Agreement.

[2] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

rejection of certain agreements, as outlined more fully below, pursuant to section 365 of the Bankruptcy Code, 11 U.S.C. § 365; and (ii) the entry by Delta into certain new agreements as contemplated by settlement agreement, pursuant to section 363 of the Bankruptcy Code, 11 U.S.C. § 363, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and the Settlement Agreement and the terms and conditions thereof being incorporated into the Plan; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and the Court having considered the submissions of Delta, KCAB, the Bond Trustee, and the Official Committee of Unsecured Creditors in support of the Motion; and the Court having considered the preliminary and supplemental objections of the Ad Hoc Committee of Kenton County Bondholders (the "**Ad Hoc Bondolders**"); and a hearing on the Motion having been held; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors and otherwise supported by the Bankruptcy Code; the Court hereby ORDERS, ADJUDGES and DECREES as follows:

     1. The Motion is granted in its entirety. The execution and delivery of the Settlement Agreement by the Parties and the settlement, compromises, and releases set forth in the Settlement Agreement are hereby approved.

     2. The Objections of the Ad Hoc Bondholders are overruled.

     3. The terms of the Settlement Agreement, attached as Exhibit A to the Motion (the "**Settlement Agreement**"), are incorporated into the Plan and herein by

reference. To the extent there is any conflict between the terms of the Settlement Agreement and this Settlement Order, the terms of this Settlement Order shall govern.

4. The manner in which notice of the Motion and Settlement Order was provided to all parties entitled to notice, including the 1992 Bondholders, is adequate, appropriate, reasonable, and sufficient for all purposes and is hereby approved.

5. Debtors' Motion for Entry of an Order Approving the Rejection of Certain Executory Contracts and Unexpired Leases and Authorizing the Abandonment of Certain Personal Property (Docket No. 2477) (the "**Rejection Motion**"), and the relief sought therein, in every respect as modified, qualified or amended by the terms of the Settlement Agreement, is granted pursuant to section 365 of the Bankruptcy Code, and, as of the Closing Date the Rejected Agreements in each case as defined in the Settlement Agreement, are deemed rejected as of the Rejection Dates.

6. The Rejected Agreements are hereby deemed terminated and cancelled as of the Closing Date, with the exception of the 1992 Bond Indenture, the terms of which shall remain in effect solely as and for the purposes set forth in the Settlement Agreement.

7. On the Closing Date, Delta and KCAB shall enter into the New Lease and the other Implementing Agreements to which they are to be a party.

8. Delta is authorized and directed to enter into the New Lease, and each of the other Implementing Agreements to which it is a party and/or to make such payments as are contemplated by the Settlement Agreement, in accordance with section 363 of the Bankruptcy Code.

9. Delta is authorized to issue the Delta Note under the Plan. To the maximum extent provided by section 1145 of the Bankruptcy Code and applicable non-bankruptcy law, the issuance of the Delta Note will be exempt from registration under the Securities Act. Pursuant to section 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of the Delta Notes shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, FAA filing or recording fee or other similar tax or governmental assessment in the United States.

10. Prior to the Issuance Date, Delta is authorized to continue to make monthly payments in accordance with Section 3.02 of the Settlement Agreement.

11. The Settlement Agreement is fair and reasonable to, and is in the best interest of, Delta and its creditors, KCAB, the Bond Trustee, and the 1992 Bondholders, and, in entering into the Settlement Agreement, Delta, KCAB, the Bond Trustee, and those 1992 Bondholders irrevocably directing the Bond Trustee to enter into the Settlement Agreement have exercised their rights and powers, and used the same degree of care and skill in their exercise, as a prudent person would exercise or use under the circumstances.

12. The mutual releases contained in the Settlement Agreement shall be effective as of the Closing.

13. Upon the Closing, each of the Releasing Parties shall be deemed to have released and shall be permanently enjoined from asserting, pursuing or prosecuting, in any manner and in any forum, any and all Released Claims against any of the Releasing

Parties, including, but not limited to, claims arising from the negotiation and entry into the Settlement Agreement and/or the Implementing Agreements.

14. The Guaranty and Tax Certificate are pre-petition obligations of Delta that, as such, upon the Closing and as part of the Settlement Agreement shall be fully discharged and terminated in connection with, and upon the effectiveness of, Delta's exit from bankruptcy. Neither KCAB, the Bond Trustee nor the 1992 Bondholders shall be allowed any claim in the Bankruptcy Cases, other than the Bankruptcy Claim, with respect to the Guaranty or the Tax Certificate.

15. Upon Closing, but effective as of the Effective Date, the Bond Trustee, as trustee and on behalf of all of the 1992 Bondholders, shall have an allowed pre-petition, non-priority, unsecured claim against Delta in its Bankruptcy Case in the amount of $260,000,000 not subject to offset, recoupment, deduction, counterclaim or objection, of any kind or nature, by any party (the "**Bankruptcy Claim**"), which allowed Bankruptcy Claim shall be treated at least as favorably as any unsecured claim in Delta Class 4 under the Plan. Except as set forth in the immediately preceding sentence and except with respect to the Delta Note and the Bond Trustee's rights set forth in the Settlement Agreement and the Implementing Agreements to which the Bond Trustee is a party, the Bond Trustee, as trustee, and the 1992 Bondholders, shall not have any other claim in the Bankruptcy Cases with regard to the 1992 Bond Agreements whatsoever, including without limitation any bankruptcy or other claim of any type or amount with respect to the 1992 Bond Agreements or under any other agreement or law with respect to the 1992 Bonds or 1992 Bond Facilities. Notwithstanding anything to the contrary in the Plan, the appropriate initial distribution under the Plan with respect to the Bankruptcy Claim shall

5

be made to the Bond Trustee, after or at Closing, on the Initial Distribution Date, as defined in the Plan, provided that the Closing has occurred.

16. As of the Closing Date, Delta will be deemed to have assumed the Airport Use Agreement, as amended, including prepetition and postpetition obligations pursuant thereto, and Delta is hereby authorized and directed to make a cure payment in the amount of $52,321.12 in satisfaction prepetition amounts owed to KCAB under such agreement.

17. Delta is authorized to reimburse to the Bond Trustee those amounts set forth in and in accordance with Section 3.02(j) of the Settlement Agreement.

18. This Settlement Order and the Settlement Agreement incorporated herein is and shall be binding on Delta, KCAB, the Bond Trustee, and the 1992 Bondholders, and each of their predecessors or successors.

19. This Settlement Order shall be binding on the Bond Trustee solely in its capacity as a trustee with respect to the 1992 Bonds, and not in any other capacity, including, but not limited to, its capacity as a holder of any claim against Delta and/or its affiliates (unrelated to the 1992 Bond Agreements) or as the trustee with respect to any other bonds related to Delta and/or its affiliates.

20. This Settlement Order shall be binding on each 1992 Bondholder solely in such bondholder's capacity as a 1992 Bondholder, and not in any other capacity, including, but not limited to, its capacity as the holder of any other claim against Delta and/or its affiliates (unrelated to the 1992 Bond Agreements) or as the holder of any bond other than the 1992 Bonds related to Delta or its affiliates.

21. The Bond Trustee shall be entitled in its sole discretion to establish one or more record dates for the 1992 Bondholders for the purpose of distributions on the 1992 Bonds including distributions on the Bankruptcy Claim.

22. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Settlement Order and the Settlement Agreement.

23. With the exception of Sections 3.02(b) and 4.02, which were immediately effective, the effectiveness of the Settlement Agreement is conditioned upon the confirmation of the Plan and the occurrence of its Effective Date.

24. In accordance with Bankruptcy Rule 6004(g), the terms and conditions of this Settlement Order shall be effective and enforceable as of 10:00 A.M., prevailing Eastern time, May 3, 2007.

Dated:  April 24, 2007
        White Plains, New York

/s/Adlai S. Hardin, Jr.
UNITED STATES BANKRUPTCY JUDGE

7