Case 1:07-cv-03968-JGK    Document 3    Filed 05/22/2007    Page 1 of 12

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
J. Christopher Shore (JS 6031)

Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Thomas E Lauria (admitted *pro hac vice*)
John K. Cunningham (JC 4661)

ATTORNEYS FOR THE AD HOC COMMITTEE
OF KENTON COUNTY BONDHOLDERS

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELTA AIR LINES, INC., et al., | Case No. 05-17923 (ASH) |
| Debtors. | Jointly Administered |

**AMENDED STATEMENT OF ISSUES AND DESIGNATION OF
RECORD ON APPEAL OF THE AD HOC COMMITTEE OF KENTON COUNTY
BONDHOLDERS FROM ORDER ENTERED BY THE BANKRUPTCY
COURT ON APRIL 24, 2007 [DOCKET NO. 5916]**

The Ad Hoc Committee of Kenton County Bondholders (the "Kenton County Bondholders Committee"), as holders (or investment advisors to holders) (collectively, the "Bondholders") of the $419,000,000 Kenton County Airport Board, Special Facilities Revenue Bonds, 1992 Series A (Delta Air Lines, Inc. Project) and the $19,000,000 Kenton County Airport Board, Special Facilities Revenue Bonds, 1992 Series B (Delta Air Lines, Inc. Project) (collectively, the "Bonds") issued pursuant to that certain trust indenture dated February 1, 1992 (the "Trust Indenture"), between Kenton County Airport Board, as issuer ("KCAB" or the

MIAMI 717594 (2K)

"Airport"), and Star Bank, N.A., as trustee (the "Trustee"),[1] and guaranteed by Delta Air Lines, Inc. ("Delta," and together with its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases, the "Debtors") pursuant to that certain guaranty dated February 1, 1992 (the "Guaranty"), by and through its undersigned attorneys, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby submits its amended statement of the issues to be presented and designates the record on appeal to the United States District Court for the Southern District of New York with respect to the order of the United States Bankruptcy Court for the Southern District of New York (the "Order"), dated April 24, 2006 [Docket No. 5916], which grants the Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement (the "Settlement Agreement"); (II) Approving the Rejection of Certain Agreements; and (III) Authorizing the Entry into Certain New Agreements [Docket No. 5050] (the "Settlement Motion").

## Issues to be Presented on Appeal

1.  Whether the Bankruptcy Court erred as a matter of fact and law in ruling that the Bondholders "are not going to receive 100% of the amount to which they are entitled under the Indenture" and that the "sole source of funding for the Bonds is the stream of rental payments under the Lease" when the Bankruptcy Court failed to address application of all future re-let proceeds (the "Re-Let Proceeds") as required under the Lease and the Indenture to satisfy payment of the Bonds?

2.  Whether the Bankruptcy Court erred as a matter of fact and law in ruling that the Bondholders and Trustee have no claim against the Trustee or the Airport, the issuer of the Bonds, when (i) the Indenture provides that the Airport has special limited obligations to the bondholders

---

[1] UMB Bank, N.A. ("UMB") is successor trustee to Star Bank, N.A. ("Star Bank"). Except as otherwise indicated, all references to the Bond Trustee herein shall mean UMB.

2

and Trustee, including the obligations to re-let the Facilities after rejection of the Lease by Delta and apply all future Re-Let Proceeds to payment of the Bonds, and (ii) the Trustee and the Airport breached the Indenture by consenting to the termination of the Bonds, the Indenture, the Lease and the Guaranty pursuant to the Settlement Agreement without the prior consent of all Bondholders as expressly required by the Indenture?

   3. Whether the Bankruptcy Court erred as a matter of law in ruling that all future payments under the Lease will terminate upon a rejection of the Lease by Delta under 11 U.S.C. § 365(a) when (i) rejection of the Lease by Delta does not terminate the Lease but only constitutes a prepetition breach of the Lease by Delta under 11 U.S.C. § 365(g), and (ii) the Re-Let Proceeds constitute future payments under the Lease to be used to pay the Bonds?

   4. Whether the Bankruptcy Court erred as a matter of law in ruling that the Bondholders lacked standing to assert a claim against Delta under the Guaranty?

   5. Whether the Bankruptcy Court's finding that the Settlement is in the best interests of the Bondholders is clearly erroneous when the Bankruptcy Court failed to address the Bondholders' rights to payment of future Re-Let Proceeds under the Lease and Indenture to satisfy the Bonds?

   6. Whether the Bankruptcy Court's finding that the Bondholders voted to accept the Settlement as part of the Plan is clearly erroneous when (i) there is no evidence in the record on appeal regarding Bondholder voting on the Plan, (ii) Delta and the Trustee admitted that Bondholders were not asked to approve the Settlement in connection with voting on the Plan, and (iii) the approved Disclosure Statement in connection with the Plan, which preceded the Settlement Agreement, does not contain the terms of the Settlement?

   7. Whether the Bankruptcy Court erred as a matter of law in ruling that the Indenture did not require unanimous consent of the Bondholders to the terms of the Settlement despite the

express unanimous consent requirements in the Indenture for (i) impairment of payment of principal and interest due under the Bonds in Section 9.06, (ii) alteration of payments due under the Lease in Section 12.06, and (iii) alteration of the Guaranty in Sections 12.06 and 12.03?

8. Whether the Bankruptcy Court erred as a matter of law in ruling that Sections 12.03, 12.06 and 12.07 of the Indenture are "simply irrelevant" despite that such sections expressly prohibit the Airport and the Trustee from consenting to any "alteration" of the Lease and the Guaranty without the written consent of the Bondholders?

9. Whether the Bankruptcy Court erred as a matter of law in ruling that Article IX of the Indenture creates an ambiguity with Section 9.06's unanimous consent requirements for impairment of principal and interest due under the Bonds given that Section 9.06 expressly provides that its requirements are "[n]otwithstanding any other provision of this Indenture"?

10. Whether the Bankruptcy Court erred as a matter of law in ruling that Section 9.06 of the Indenture is rendered "moot" in a default situation notwithstanding that such section appears in the "Defaults and Remedies" Article of the Indenture and is intended to protect individual rights of Bondholders in a default situation?

11. Whether the Bankruptcy Court erred as a matter of law in ruling that Sections 9.01, 9.02, 9.04, 9.05 and 9.07 of the Indenture permit the Trustee to bind all Bondholders to the Settlement without their consent notwithstanding that (i) the Settlement terminates the Bonds, the Indenture, the Lease and the Guaranty and (ii) Sections 9.06, 12.03, 12.06 and 12.07 expressly require unanimous consent of each Bondholder to allow such actions?

12. Whether the Bankruptcy Court erred as a matter of law in ruling that the Trustee's power to commence remedial proceedings upon default under the Indenture includes the Trustee's power to settle and bind all Bondholders to such settlement notwithstanding the

Case 1:07-cv-03968-JGK    Document 3    Filed 05/22/2007    Page 5 of 12

express requirements of unanimous consent of all Bondholders to actions covered by Sections 9.06, 12.03, 12.06 and 12.07?

13. Whether the Bankruptcy Court erred as a matter of law in ruling that it had subject matter jurisdiction to grant all of the relief requested in the Settlement Motion?

14. Whether the Bankruptcy Court erred as a matter of law in approving the Settlement notwithstanding (i) the Bankruptcy Court had no legal authority for granting the relief requested, (ii) such relief fails to satisfy the standards applicable for such relief in the Second Circuit, (iii) such relief violates the Anti-Injunction Act, 28 U.S.C. § 2283, and (iv) such relief was granted in violation of Appellants' substantive and procedural due process rights?

15. Whether the Bankruptcy Court erred in approving releases of those Bondholders which directed the Trustee and the Airport to act in violation of the Indenture?

16. Whether the Bankruptcy Court erred as a matter of law in ruling that the Settlement does not constitute an illegal *sub rosa* chapter 11 plan?

17. Whether the Bankruptcy Court's finding that the Bondholders received "substantial consideration" from the Trustee, the Airport and all other Bondholders in exchange for the non-consensual third party releases in the Settlement is clearly erroneous?

## Designation of Items to Be Included in the Record on Appeal[2]

1. Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving the Rejection of Certain Agreements; and (III) Authorizing the Entry Into Certain New Agreements, dated March 8, 2007 [Docket No. 5050].

---

[2] Each designated item includes any exhibits to such item. Each reference to "Docket No.___" includes all documents within that Docket number.

2. Preliminary Objection of the Ad Hoc Committee of Kenton County Bondholders to the Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving the Rejection of Certain Agreements; and (III) Authorizing the Entry Into Certain New Agreements, dated March 13, 2007 [Docket No. 5196].

3. Supplemental Objection of the Ad Hoc Committee of Kenton County Bondholders to The Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving the Rejection of Certain Agreements; and (III) Authorizing the Entry Into Certain New Agreements, dated April 13, 2007 [Docket No. 5710].

4. Reply and Opposition of the Kenton County Airport Board to the Preliminary [Docket No. 5196] and Supplemental [Docket No. 5710] Objections of the Ad Hoc Committee of Kenton County Bondholders to the Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving the Rejection of Certain Agreements; and (III) Authorizing the Entry Into Certain New Agreements [Docket No. 5050], dated April 17, 2007 [Docket No. 5750].

5. Reply of UMB Bank, N.A., as Indenture Trustee, in Support of the Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving the Rejection of Certain Agreements; and (III) Authorizing Entry Into New Agreements [Relates To Docket Nos. 5050, 5196, 5611], dated April 17, 2007 [Docket No. 5751].

6. Debtors' Reply in Support of Their Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement

Agreement; (II) Approving the Rejection of Certain Agreements; and (III) Authorizing the Entry Into Certain New Agreements, dated April 17, 2007 [Docket No. 5753].

7.  Joinder of the Official Committee Of Unsecured Creditors to Debtors' Reply in Support of Their Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving Rejection of Certain Agreements; and (III) Authorizing the Entry Into Certain New Agreements, dated April 17, 2007 [Docket No. 5765].

8.  Bondholder Indemnity Letter in favor of UMB, dated August 2, 2005.

9.  Bondholder Direction Letter Appointing UMB, dated August 2, 2005.

10. Bondholder Direction and Consent Re: $419,000,000 Kenton County Airport Board Special Facilities Revenue Bonds, 1992 Series A (Delta Air Lines, Inc. Project) and $19,000,000 Kenton County Airport Board Special Facilities Revenue Bonds, Series 1992 Series B (Delta Air Lines, Inc. Project).

11. Lease Agreement by and between Kenton Airport Board (Kentucky) and Delta Air Lines, Inc., dated as of February 1, 1992 [Docket No. 5715 Ex B].

12. Settlement Agreement between Delta Air Lines and UMB Bank, N.A., dated March 8, 2007 [Docket No. 5050 Ex. Settlement Agr.].

13. Trust Indenture between Kenton County Airport Board and Star Bank, N.A. as Trustee, dated February 1, 1992 [Docket No. 5715 Ex. A].

14. White & Case Letter to UMB, dated March 6, 2007 [Docket No. 5196 Ex B].

15. UMB Proof of Claim No. 6230, dated August 21, 2006.

16. Notice of (I) Settlement with Delta Air Lines, Inc. Regarding 1992 Series A and 1992 Series B Bonds; (II) Procedures Concerning Court Approval of Settlement and Related Deadlines; and (III) Hearing on Motion to Approval Settlement [Docket No. 5196 Ex. C].

17. Objection of UMB Bank, N.A. as Indenture Trustee, to Debtors' Motion for Entry of an Order Approving the Rejection of Certain Executory Contracts and Unexpired Leases and Authorizing the Abandonment of Certain Personal Property [Docket No. 4301].

18. Guaranty – Kenton County Airport Board Special Facilities Revenue Bonds, 1992 Series A and 1992 Series B (Delta Air Lines, Inc. Project) (the "Bonds") [Docket No. 5715 Ex. C].

19. Bond Official Statement, dated February 1, 1992 [Docket No. 5757 Ex. 20].

20. Forbearance and Standstill Agreements with UMB [Docket No. 5757 Exs. 21-22].

21. Debtors' Motion for Entry of an Order Approving the Rejection of Certain Executory Contracts and Unexpired Leases and Authorizing the Abandonment of Certain Personal Property [Docket No. 2477].

22. Objection of the Kenton County Airport Board to Debtors' Motion for Entry of an Order Approving the Rejection of Certain Executory Contracts and Unexpired Leases and Authorizing the Abandonment of Certain Personal Property [Docket No. 4288].

23. Map of Cincinnati/Northern Kentucky International Airport (as identified by J. Turney).

24. Settlement Agreement [Docket No. 5050 Ex. Settlement Agr.].

25. New Lease [Docket No. 5050 Ex. F].

26. New M&O Agreement [Docket No. 5050 Ex. G].

27. New Bulk Storage Facilities Lease [Docket No. 5050 Ex. B].

28. Sixth Amendment to the Airport Use Agreement [Docket No. 5050 Ex. D].

29. New Indenture [Docket No. 5050 Ex. E].

30. New Note [Docket No. 5050 Ex. C].

31. Facilities Agreement [Docket No. 5757 Ex. 8].

MIAMI 717594 (2K)

32. Ground Lease (Terminal).

33. Ground Lease (Parking Lot).

34. Bulk Storage Facilities Lease.

35. M&O Agreement.

36. Sublease for Delta Employee Parking Lot.

37. Space Use Arrangement with Continental.

38. Occupancy of Space License.

39. Cincinnati Throughput Agreement.

40. 1992 Bond Indenture [Docket No. 5757 Ex. 17].

41. Guaranty [Docket No. 5757 Ex. 18].

42. Tax Certificate [Docket No. 4288 Ex. A].

43. 1992 Bond Official Statement [Docket No. 5757 Ex. 20].

44. Forbearance Agreement and Amendments [Docket No. 5757 Ex. 21].

45. December 2005 Stipulation and Extension [Docket No. 5757 Ex. 22].

46. 16 Bondholder Notices [Docket No. 5757 Ex. 23].

47. FBG Certificate of Service of Notice and Copy of Mailing Notice [Docket No. 5318].

48. Copy of Cincinnati Enquirer and WSJ Notices [Docket No. 5757 Ex. 25].

49. Delta 8K re: Settlement Agreement (March 8, 2007) [Docket No. 5757 Ex. 26].

50. 3/9/07 Letter to Bloomberg; S&P, DPC Data and FT Interactive Data from I. Hammer re: Notice to Bondholders No. 16 [Docket No. 5757 Ex. 27].

51. Airport Use Agreement [Docket No. 5757 Ex. 28].

52. Delta – Plan of Reorganization and Disclosure Statement dated February 7, 2007 [Docket No. 4494 Exs. Plan and Disclosure Statement].

9

53. Order re: 9.5% Notes [Docket No. 2986].

54. Order re: LOA # 51 [Docket No. 2647].

55. Order re: PBGC Settlement [Docket No. 3949].

56. Stipulations re: termination of non-qualified pilot plan [Docket Nos. 2656, 3639 Ex. A].

57. Supplemental 1114 Term Sheets [Docket No. 4267 App. Addendum A].

58. Order Approving Massport Settlement [Docket No. 4573].

59. Order re: Gate Gourmet [Docket No. 3869].

60. Orders re: Delta Connection Agreements with Republic and Mesa [Docket Nos. 5445, 5443].

61. Turney Deposition Transcript [Docket No. 5757 Ex. 38].

62. Holscher Deposition Transcript [Docket No. 5757 Ex. 39].

63. Bramwell Transcript [Docket No. 5757 Ex. 40].

64. Hearing Transcripts [Docket No. 5757 Ex. 41].

65. February 22, 2007 Direction Letter [Docket No. 5757 Ex. 42].

66. Grant Assurances [Docket No. 5757 Ex. 43].

67. Deposition of James Turney (highlighted portions as agreed to and designated by the parties).

68. Deposition of Frank Bramwell (highlighted portions as agreed to and designated by the parties).

69. Deposition of Robert Holscher (highlighted portions as agreed to and designated by the parties).

MIAMI 717594 (2K)

70. Transcript of April 19, 2007 hearing on Motion to Approve CVG Settlement Agreement Before the Honorable Adlai S. Hardin, United States Bankruptcy Judge, dated April 20, 2007 [Docket No. 6140].

71. Order Granting Debtors' Motion for Entry of an Order (I) Approving Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019, (II) Approving the Rejection of Certain Agreements Under Section 365 and (III) Authorizing the Entry Into Certain New Agreements Under Section 363, dated April 24, 2007 [Docket No. 5916].

72. Decision Granting Rule 9019 Motion and Approving Settlement, dated April 25, 2007 [Docket No. 5987].

73. Notice of Appeal Filed By the Ad Hoc Committee of Kenton County Bondholders, dated April 24, 2007 [Docket No. 5961].

74. Transcript of April 26, 2007 hearing on Motion For Stay Pending Appeal re: KCAB/CVG Settlement before the Honorable Adlai S. Hardin, United States Bankruptcy Judge, dated April 27, 2007.

MIAMI 717594 (2K)

Dated: New York, New York
       May 17, 2007

                          White & Case LLP
                          1155 Avenue of the Americas
                          New York, New York  10036-2787
                          (212) 819-8200
                          J. Christopher Shore (JS 6031)

                          Wachovia Financial Center
                          200 South Biscayne Boulevard, Suite 4900
                          Miami, Florida 33131
                          (305) 371-2700

              By:  /s/ John K. Cunningham
                          Thomas E Lauria (admitted *pro hac vice*)
                          John K. Cunningham (JC 4661)


                          ATTORNEYS FOR THE AD HOC COMMITTEE
                          OF KENTON COUNTY BONDHOLDERS