Daniel H. Golden (DG-5624)
David H. Botter (DB-2300)
Abid Qureshi (AQ-4882)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, NY 10022
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

Attorneys for the Post Effective Date Committee,
as successor to the Official Committee of Unsecured
Creditors of Delta Air Lines, Inc., *et al.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> DELTA AIR LINES, INC., *et al.* <br><br> Debtors. | Chapter 11 <br><br> Case No. 05-17923 (ASH) <br><br> (Jointly Administered) |
| KENTON COUNTY BONDHOLDERS COMMITTEE <br><br> Appellants, <br><br> v. <br><br> DELTA AIR LINES, INC., *et al.*, <br><br> Appellees. | 07-cv-3968 |

**JOINDER OF THE POST EFFECTIVE DATE COMMITTEE, AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, TO THE OPPOSITION BRIEFS OF APPELLEES DELTA AIR LINES, INC., KENTON COUNTY AIRPORT BOARD, AND UMB BANK AS INDENTURE TRUSTEE, IN SUPPORT OF THE BANKRUPTCY COURT'S APRIL 24, 2007 ORDER APPROVING <u>THE SETTLEMENT AGREEMENT</u>**

Appellee The Post Effective Date Committee, as successor to the Official Committee of Unsecured Creditors (the "Committee") of Delta Air Lines, Inc. ("Delta"), respectfully submits this Joinder to the Opposition Briefs of Appellees Delta, Kenton County Airport Board ("KCAB"), and UMB Bank, N.A. as Indenture Trustee ("Trustee"), in support of the Bankruptcy Court's April 24, 2007 Order approving a settlement agreement between Delta, KCAB, and the Trustee (the "Settlement Agreement").

## I. JOINDER

The Committee served as the fiduciary representative of all of Delta's unsecured creditors, who held claims totaling approximately $15 billion. On April 25, 2007, the Bankruptcy Court confirmed Delta's chapter 11 plan of reorganization (the "Plan"), which became effective on April 20, 2007. On May 3, 2007, a substantial portion of the stock of reorganized Delta was distributed to unsecured creditors, who effectively became Delta's new owners.

The Settlement Agreement is a significant component of the Plan critical to resolving numerous issues surrounding Delta's continued operations at its second largest hub, the Cincinnati/Northern Kentucky International Airport (the "Airport"), and enabling Delta to substantially reduce operating costs while gaining flexibility to adjust gate usage at the Airport as future competitive circumstances warrant. The Committee filed pleadings and spoke in favor of the Settlement Agreement both before the Bankruptcy Court, and in prior proceedings before this Court. As made clear in those pleadings, the consummation of the Settlement Agreement was critical to the interests of all of Delta's unsecured creditors. Contrary to appellants' suggestion in their opening brief, Delta is not the only party that "loses" if the Settlement Agreement is modified or vacated.

Although it is unclear from Appellants' opening brief precisely what relief they seek by pursuing the present appeal, it is clear that it is practically impossible to unwind the Settlement Agreement, whether in whole or in part. The consideration that has already flowed to the Appellants under the Settlement Agreement – a combination of Delta stock and Delta notes – has been freely tradeable since May 3, 2007. Should the Settlement Agreement be vacated or modified, Delta's unsecured creditors would be mired in complex litigation concerning both how to "unscramble" distributions made pursuant to the Settlement Agreement, which is likely impossible, as well as with respect to the merits of the underlying disputes that the Settlement Agreement resolved. As comprehensively set forth in Delta's Opposition Brief, the Settlement Agreement is a central component to a reorganization that has been fully consummated, and would be impossible to undo. Thus, applicable precedent (as set forth in Delta's Opposition) dictates that, among other reasons, the appeal must be dismissed as equitably moot.

Accordingly, the Committee joins in and fully supports the legal and factual arguments set forth in the Opposition Briefs filed by Appellees Delta, KCAB, and the Trustee.

## II. **CONCLUSION**

WHEREFORE, for all of the reasons set forth above, and in the Opposition Briefs filed by Delta, KCAB, and the Trustee, the Committee respectfully requests that the Court affirm the Bankruptcy Court's Settlement Order and order any further relief as is just and proper.

Dated: June 22, 2007
      New York, New York

                                      Respectfully submitted

                                      AKIN GUMP STRAUSS HAUER & FELD LLP

                                      _____
Daniel H. Golden (DG-5624)
David H. Botter (DB-2300)
Abid Qureshi (AQ-4882)
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

Counsel for the Post Effective Date Committee, as successor to the Official Committee of Unsecured Creditors of Delta Air Lines Inc., *et al.*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 22nd day of June, 2007, I caused to be delivered a true and correct copy of this Joinder Of The Post Effective Date Committee, As Successor To The Official Committee Of Unsecured Creditors, To The Opposition Briefs Of Appellees Delta Air Lines, Inc., Kenton County Airport Board, And UMB Bank As Indenture Trustee, In Support Of The Bankruptcy Court's April 24, 2007 Order Approving The Settlement Agreement by electronic mail upon all counsel of record.

Dated: June 22, 2007
       New York, New York

_____
Abid Qureshi