Dated: September 22, 2005

Notice #1

**NOTICE TO THE HOLDERS OF THE $419,000,000 KENTON COUNTY AIRPORT BOARD, SPECIAL FACILITIES REVENUE BONDS, 1992 SERIES A (DELTA AIR LINES, INC. PROJECT) AND THE $19,000,000 KENTON COUNTY AIRPORT BOARD, SPECIAL FACILITIES REVENUE BONDS, 1992 SERIES B (DELTA AIR LINES, INC. PROJECT)**

| Series | Interest Rate | Maturity Date | CUSIP NO.[1] |
|---|---|---|---|
| Series A | 7.500% | 2/1/2012 | 491026JF8 |
| Series A | 7.500% | 2/1/2020 | 491026JG6 |
| Series A | 7.125% | 2/1/2021 | 491026JK7 |
| Series A | 6.125% | 2/1/2022 | 491026JH4 |
| Series B | 7.250% | 2/1/2022 | 491026JJ0 |

**(COLLECTIVELY, THE "BONDS")**

**NOTE: THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE REGISTERED AND BENEFICIAL OWNERS OF THE BONDS. IF APPLICABLE, ALL DEPOSITORIES, CUSTODIANS, AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE ARE REQUESTED TO EXPEDITE RE-TRANSMITTAL TO BENEFICIAL OWNERS OF THE BONDS IN A TIMELY MANNER.**

Dear Bondholder:

This notice (the "Notice") is given to you by UMB Bank, N.A. (the "Trustee"), as successor trustee to Star Bank, N.A. n/k/a U.S. Bank National Association (the "Former Trustee") under the Trust Indenture dated as of February 1, 1992 (the "Indenture") between the Kenton County Airport Board (the "Issuer") and Star Bank, N.A. n/k/a U.S. Bank National Association in your capacity as a holder of the Bonds (the "Bondholders"). The Notice is being sent to notify you of certain significant matters affecting the Bonds.

This notice and other information will be posted on www.kentoncountybondholders.com, a website established by the Trustee for the purpose of making publicly available certain information which may be of interest to Bondholders. Delta Air Lines, Inc. and certain of its affiliated companies have also provided information for dissemination and have posted certain financial and other information pertaining to their bankruptcy filing (as referenced below) on their website, www.deltadocket.com.

---

[1] The Trustee makes no representation as to the accuracy of the CUSIP numbers.

UMB 01027

## **CHAPTER 11 FILING OF DELTA AIR LINES, INC., ET. AL.**

On September 14, 2005 (the "Petition Date"), Delta and certain of its affiliates (collectively, the "Debtors") filed separate voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Proceedings"), the Honorable Prudence Carter Beatty presiding. *In re Delta Air Lines, Inc.*, the main case under which all 19 cases will be jointly administered, bears case number 05-17923. The Debtors' primary counsel is Davis Polk & Wardwell, 450 Lexington Avenue, New York, NY 10017.

The bankruptcy petition and other related documents filed in these cases are available on the Court's website www.nysb.uscourts.gov or at the Clerk's office at the following address:

> Clerk of United States Bankruptcy Court
> Alexander Hamilton Custom House
> One Bowling Green
> New York, NY 10004-1408

Additionally, certain documents are available at www.deltadocket.com.

The Debtors have filed various "First Day Pleadings" in the Chapter 11 Proceedings. A hearing on the First Day Pleadings was held at 2:00 p.m. Eastern Standard Time on September 15, 2005 and continued on September 16, 2005. Among the "First Day Motions" filed were the following:

- Emergency Motion for Entry of Bridge Orders Granting Certain Relief Pending "First Day Hearing";
- Debtors' Informational Brief in Support of First Day Motions;
- Debtors' Motion Pursuant to Sections 105(a), 363(c)(1) and 364(a) of the Bankruptcy Code for Authorization to (i) Continue to Use Existing Cash Management System, and (ii) Maintain Existing Bank Accounts and Existing Business Forms;
- Debtors' Motion to Pay Prepetition Wages, Salaries and Benefits;
- Debtors' Motion to Honor Customer Programs (including all SkyMiles obligations);
- Debtors' Motion to Pay Prepetition Obligations Owed to Foreign Creditors;
- Debtors' Motion to Limit Certain Transfers of Claims Against and Interest in the Debtors (the "Claims Restriction Motion");
- Debtors' Motion for Approval of Procedures for the Treatment of Reclamation Claims;
- Debtors' Motion for the Assumption of Contracts with American Express Travel Related Services Company;
- Debtors' Motion for Approval of Post-Petition Financing (the "Post-Petition Financing Motion");
- Debtors' Motion to Reject Certain Executory Contracts and Leases;

- Debtors' Motion to Pay Certain Critical Vendors; and
- Debtors' Motion to Assume Certain Executory Contracts and Leases.

In connection with the Bankruptcy Proceedings, the Bankruptcy Court entered a number of "Bridge Orders" pending a hearing on the Motions. Additionally, after the hearings on September 15, 2005 and September 16, 2005, the Bankruptcy Court entered various Orders approving certain of the First Day Pleadings.

In their First Day Pleadings, the Debtors list as one of their "leased premises or premises held under another arrangement from which one or more of the Debtors operate their business" the "Cincinnati/Northern Kentucky" location. The Debtors' First Day Pleadings qualify the listing of Cincinnati/Northern Kentucky as a leased premises or premises held under another arrangement by stating that "the classification of the contractual agreements listed herein as real property leases or property held by other arrangements is not binding upon the Debtors." The obligations owed under the Bonds are not included on the List of Creditors Holding 20 Largest Unsecured Claims filed by the Debtors with the Bankruptcy Court.

The next major hearing has been set for October 6, 2005 which will address, among other issues, proposed final orders concerning post-petition financing and the Claims Restriction Motion.

## CLAIMS RESTRICTION MOTION

**This Section Contains Important Information About Court Ordered Restrictions on Trading Bonds.**

On September 15, 2005, the Bankruptcy Court entered a "Revised Interim Order Pursuant to Sections 105(a) and 362 of the Bankruptcy Code Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interest in the Debtors' Estates" (the "Interim Claims Trading Order"). The Interim Claims Trading Order imposes certain restrictions on a "Substantial Claimholder" which would include holders of the Bonds. A Substantial Claimholder is defined to include any entity that beneficially owns at least $175,000,000 of the Bonds or other bonds or debt of the Debtors. The stated purpose of the Claims Restriction Motion is to preserve certain net operating losses of the Debtors. The Trustee is currently reviewing the terms of the Interim Claims Trading Order (which is posted on the Bondholders' website) and the underlying Claims Restriction Motion. A final hearing on the Claims Restriction Motion is scheduled for October 6, 2005 with objections due on September 30, 2005. In the event the Trustee objects to the Claims Restriction Motion, this objection shall also be posted on the Bondholders' website.

## POST-PETITION FINANCING

The Debtors also filed a Motion seeking post-petition financing which Motion was posted on the docket on September 15, 2005. The Bankruptcy Court entered an interim order

UMB 01029

approving the Post-Petition Financing Motion on September 16, 2005 with a final hearing scheduled for October 6, 2005. Any objections are due three (3) business days before the final hearing. Pursuant to the Post-Petition Financing Motion, the Debtors are seeking to obtain post-petition financing (a) in an amount up to $1.7 billion through a credit facility with General Electric Capital Corporation, acting as administrative agent and collateral agent for itself and a syndicate of financial institutions and (b) in the amount of $350 million from American Express Travel Related Services Company, Inc. ("AMEX") by assuming certain pre-petition agreements with AMEX as modified. Pursuant to the interim order, the Debtors were authorized to borrow and obtain Letters of Credit under the GECC Credit Facility up to $1.4 billion and up to $350 million from AMEX, with a portion of the funds to pay the Debtors' obligations owed to its pre-petition lender and the pre-bankruptcy obligations owed to AMEX. The lending facilities are secured by certain liens against the assets of the Debtors.

**SUCESSOR TRUSTEE**

The Trustee notifies you that pursuant to Section 10.12 of the Indenture, the Former Trustee was removed by a majority in aggregate principal amount of the Bonds (the "Majority Bondholders"). The Trustee was appointed by the Majority Bondholders.

**FUNDS HELD UNDER THE INDENTURE**

The Trustee further notifies you that as of the Petition Date, there exists $19,315.24 in accounts established under the Indenture.

**RETENTION OF COUNSEL**

The Trustee has retained the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., and specifically Mr. William W. Kannel and Mr. Daniel S. Bleck of that firm, to represent it in connection with the Bankruptcy Proceedings. The address of Mr. Kannel and Mr. Bleck is Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111. Mr. Kannel's telephone number is (617) 348-1665; E-mail: wkannel@mintz.com. Mr. Bleck's telephone number is (617) 348-4498; E-mail: dbleck@mintz.com.

**FUTURE EVENTS**

The Trustee will periodically communicate with Bondholders through written notice of material events of a public nature which the Trustee has knowledge. To facilitate such communications, any beneficial holder who wishes to receive such written notices directly may send its notice address to the Trustee, including its claimed holdings for the Bonds held (with CUSIP numbers, DTC participant name and denominations, if applicable), a contact person, address, telephone number and e-mail address.
Please note that the Trustee, may conclude that a specific response to particular inquiries from individual Bondholders is not consistent with equal and full dissemination of information to all Bondholders. Bondholders should not rely on the Trustee, or on

counsel or other advisors retained by the Trustee, as their sole source of information. The Trustee makes no recommendations nor gives any investment advice herein or as to the Bonds generally.

**COMMUNICATIONS TO TRUSTEE**

If you wish to contact the Trustee regarding the Bonds or the contents of this Notice, we ask that you do so in writing directed to:

> UMB Bank, N.A., as Trustee
> Corporate Trust Division
> 2401 Grand Blvd.
> Kansas City, MO 64108-2551
> Attn: Anthony Hawkins
> Vice President

Or you may contact either William Kannel or Daniel Bleck.

Very truly yours,

UMB Bank, N.A., As Trustee

Dated: October 4, 2005

Notice #2

**NOTICE CONCERNING REVISED INTERIM ORDER PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS' ESTATES**

**NOTICE TO THE HOLDERS OF THE $419,000,000 KENTON COUNTY AIRPORT BOARD, SPECIAL FACILITIES REVENUE BONDS, 1992 SERIES A (DELTA AIR LINES, INC. PROJECT) AND THE $19,000,000 KENTON COUNTY AIRPORT BOARD, SPECIAL FACILITIES REVENUE BONDS, 1992 SERIES B (DELTA AIR LINES, INC. PROJECT)**

| Series | Interest Rate | Maturity Date | CUSIP NO.[1] |
|---|---|---|---|
| Series A | 7.500% | 2/1/2012 | 491026JF8 |
| Series A | 7.500% | 2/1/2020 | 491026JG6 |
| Series A | 7.125% | 2/1/2021 | 491026JK7 |
| Series A | 6.125% | 2/1/2022 | 491026JH4 |
| Series B | 7.250% | 2/1/2022 | 491026JJ0 |

(COLLECTIVELY, THE "BONDS")

NOTE: THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE REGISTERED AND BENEFICIAL OWNERS OF THE BONDS. IF APPLICABLE, ALL DEPOSITORIES, CUSTODIANS, AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE ARE REQUESTED TO EXPEDITE RE-TRANSMITTAL TO BENEFICIAL OWNERS OF THE BONDS IN A TIMELY MANNER.

Dear Bondholder:

This notice (the "Notice") is given to you by UMB Bank, N.A., as successor trustee to Star Bank, N.A. n/k/a U.S. Bank National Association (the "Trustee") under the Trust Indenture dated as of February 1, 1992 (the "Indenture") between the Kenton County Airport Board (the "Issuer") and the Trustee in your capacity as a holder of the Bonds (the "Bondholders"). The Notice is being sent to notify you of certain significant matters affecting the Bonds.

This Notice and other information will be posted on www.kentoncountybondholders.com, a website established by the Trustee for the purpose of making publicly available certain information which may be of interest to Bondholders. Delta Air Lines, Inc. and certain of its affiliated companies have also provided information for dissemination and have posted certain financial and other information pertaining to their bankruptcy filing (as referenced below) on their website, www.deltadocket.com.

---

[1] The Trustee makes no representation as to the accuracy of the CUSIP numbers.

## DEBTORS ISSUE NOTICE CONCERNING INTERIM CLAIMS TRADING ORDER

**This Section Contains Important Information About Court Ordered Restrictions on Trading Bonds.**

On September 15, 2005, the Bankruptcy Court entered a "Revised Interim Order Pursuant to Sections 105(a) and 362 of the Bankruptcy Code Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interest in the Debtors' Estates" (the "Interim Claims Trading Order") pursuant to the "Debtors' Motion to Limit Certain Transfers of Claims Against and Interest in the Debtors" (the "Claims Restriction Motion"). Copies of the Interim Claims Trading Order and the Claims Restriction Motion are posted on the Bondholders' website.

The Interim Claims Trading Order requires, inter alia, that the Debtors send notice (the "Debtors' Notice") concerning the Interim Claims Trading Order, to certain parties as described therein. A copy of the Debtors' Notice received by the Trustee is attached to this Notice.

Based upon the terms of the Interim Claims Trading Order, the Trustee is sending out this Notice to all holders of the Bonds along with a copy of the Debtors' Notice. Please note that the Debtors' Notice may impact your individual rights, including your rights to sell or, otherwise, transfer the Bonds. We refer you to the Debtors' Notice and the Interim Claims Trading Order for the exact terms and conditions of any restrictions.

A final hearing on the Claims Restriction Motion was scheduled for October 6, 2005 with objections due on September 30, 2005. That hearing has been continued to October 27, 2005 with objections due on October 20, 2005. In the event the Trustee objects to the Claims Restriction Motion, this objection shall also be posted on the Bondholders' website.

## FORMATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND SELECTION OF PROFESSIONALS

On September 28, 2005, the Office of the United States Trustee appointed a nine (9) member Official Committee of Unsecured Creditors (the "Committee"). The Committee is comprised of the following entities:

    U.S. Bank National Association and U.S. Bank Trust National Association

    Boeing Capital Corp.

    Pension Benefit Guaranty Corporation

    The Coca-Cola Company

    Pratt & Whitney, a division of United Technologies Corporation

    Air Line Pilots Association, International

    MacKay Shields, L.L.C.

    Fidelity Advisor Series II: Fidelity Advisor High Income Advantage Fund

UMB 01033

Bank of New York

We have been informed that the Committee has selected Akin Gump Strauss Hauer & Feld, LLP, 590 Madison Avenue, New York, NY 10022-2524, Tel: (212) 872-1000, as its counsel and Houlihan Lokey Howard & Zukin, 245 Park Avenue, New York, NY 10167-0001, Tel: (212) 497-4100, as its financial advisors.

## CHAPTER 11 FILING OF DELTA AIR LINES, INC., ET. AL.

As the Trustee previously notified you, on September 14, 2005, Delta and certain of its affiliates (collectively, the "Debtors") filed separate voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), the Honorable Prudence Carter Beatty presiding (the "Bankruptcy Proceedings"). The bankruptcy petition and other related documents filed in these cases are available on the Court's website www.nysb.uscourts.gov or at the Clerk's office at the following address:

> Clerk of United States Bankruptcy Court
> Alexander Hamilton Custom House
> One Bowling Green
> New York, NY 10004-1408

Additionally, certain documents are available at www.deltadocket.com.

## RETENTION OF COUNSEL

The Trustee has retained the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., and specifically Mr. William W. Kannel and Mr. Daniel S. Bleck of that firm, to represent it in connection with the Bankruptcy Proceedings. The address of Mr. Kannel and Mr. Bleck is Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111. Mr. Kannel's telephone number is (617) 348-1665; E-mail: wkannel@mintz.com. Mr. Bleck's telephone number is (617) 348-4498; E-mail: dbleck@mintz.com.

## FUTURE EVENTS

The Trustee will periodically communicate with Bondholders through written notice of material events of a public nature which the Trustee has knowledge. To facilitate such communications, any beneficial holder who wishes to receive such written notices directly may send its notice address to the Trustee, including its claimed holdings for the Bonds held (with CUSIP numbers, DTC participant name and denominations, if applicable), a contact person, address, telephone number and e-mail address.

Please note that the Trustee, may conclude that a specific response to particular inquiries from individual Bondholders is not consistent with equal and full dissemination of information to all Bondholders. Bondholders should not rely on the Trustee, or on counsel or other advisors retained by the Trustee, as their sole source of information. The Trustee makes no recommendations nor gives any investment advice herein or as to the Bonds generally.

UMB 01034

**COMMUNICATIONS TO TRUSTEE**

If you wish to contact the Trustee regarding the Bonds or the contents of this Notice, we ask that you do so in writing directed to:

> UMB Bank, N.A., as Trustee
> Corporate Trust Division
> 2401 Grand Blvd.
> Kansas City, MO 64108-2551
> Attn: Anthony Hawkins
> Vice President

Or you may contact either William Kannel or Daniel Bleck.

Very truly yours,

UMB Bank, N.A.,
As Trustee

UMB 01035

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
In re:                                :
                                      :  Chapter 11 Case No.
                                      :
DELTA AIR LINES, INC., et al.,        :  05-17923 (pcb)
                                      :
                                      :  (Jointly Administered)
Debtors.                              :
                                      :
------------------------------------- x

### REVISED NOTICE OF ORDER ESTABLISHING
### NOTIFICATION PROCEDURES AND
### APPROVING RESTRICTIONS ON
### CERTAIN TRANSFERS OF CLAIMS AGAINST
### AND INTERESTS IN DEBTORS' ESTATES

**TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY INTERESTS IN ANY OF THE DEBTOR ENTITIES LISTED IN THE ATTACHED SCHEDULE A:**

PLEASE TAKE NOTICE that on September 14, 2005, the debtor entities listed in the attached Schedule A (collectively, the "**Debtors**") commenced cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Upon the commencement of a chapter 11 case, section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on September 14, 2005, the Debtors filed a motion seeking entry of an order pursuant to sections 105(a) and 362 of the Bankruptcy Code establishing notification procedures and approving restrictions on certain transfers of claims against and interests in the Debtors and their estates (the "**Motion**").

PLEASE TAKE FURTHER NOTICE that on September 16, 2005, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") having jurisdiction over these chapter 11 cases entered an order (i) finding that the Debtors' net operating loss ("**NOL**") carryforwards and tax credit carryforwards are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; (ii) finding that unrestricted trading of the common stock of Delta (the "**Stock**") and Covered Claims (as defined below) could severely limit the Debtors' ability to use their NOL and tax credit carryforwards for U.S. federal income tax purposes and (iii) approving the procedures (the "**Procedures**") set forth below to preserve the Debtors'

NOL and tax credit carryforwards pursuant to sections 105(a) and 362(a) of the Bankruptcy Code (the "**Order**").

**Any sale or other transfer in violation of the Procedures set forth below shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.**

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Bankruptcy Court:

(a) *Stock Beneficial Ownership, Acquisition and Disposition.*

    (1) <u>Notice of Substantial Beneficial Ownership of Stock</u>. Any person or entity who is or becomes a Beneficial Owner of at least 7,464,750 shares, which represent approximately 4.75% of the issued and outstanding Stock as of the Petition Date (a "**Substantial Equityholder**," which shall also include the Delta Family Savings Plan, irrespective of the number of shares of Stock it owns as of the Petition Date), must, on or before the later of: (A) fifteen (15) days after the Bankruptcy Court's entry of an order approving these Procedures or (B) ten (10) days after that person or entity becomes a Substantial Equityholder, serve on the Debtors and their attorneys a notice containing the Beneficial Ownership information substantially in the form of Exhibit C-1 attached to the Motion.

    (2) <u>Advance Notice of Certain Proposed Acquisitions of Stock</u>. Prior to any person or entity purchasing, acquiring or otherwise obtaining a Beneficial Ownership of Stock (including options to acquire Stock) that would either (i) result in an increase in the amount of Stock Beneficially Owned by a Substantial Equityholder or (ii) result in a person or entity becoming a Substantial Equityholder (a "**Stock Acquisition Transaction**"), such person or entity must file with the Bankruptcy Court and serve on the Debtors and their attorneys a notice in the form of Exhibit C-2 attached to the Motion.

    (3) <u>Advance Notice of Certain Proposed Dispositions of Stock</u>. Prior to any person or entity who is a Substantial Equityholder selling, exchanging or otherwise disposing of a Beneficial Ownership of Stock (including options to acquire Stock) (a "**Stock Disposition Transaction**" and together with Stock Acquisition Transactions, "**Stock Transactions**") such person or entity must file with the Bankruptcy Court and serve on the Debtors and their attorneys a notice in the form of Exhibit C-3 attached to the Motion. This limitation will not apply to any distributions of Stock from the Delta Family-Care Savings Plan to beneficiaries under the Plan.

UMB 01037

(4) The Debtors shall have fifteen (15) days after receipt of any filing described in paragraph (2) or (3) above to object to the Stock Transaction on the grounds that the transfer may adversely affect the Debtors' ability to utilize their NOL and other tax attributes. If the Debtors file an objection, the Stock Transaction may not be consummated, and, if consummated in violation of the Bankruptcy Court's order, will not be deemed effective, unless approved by a final and nonappealable order of the Bankruptcy Court. If the Debtors do not object within the fifteen (15) day period, the Stock Transaction may proceed solely as set forth in the notice. Further Stock Transactions within the scope of paragraph (2) or (3) above must be the subject of additional notices as set forth herein with an additional fifteen (15) day waiting period. If the Debtors voluntarily advise the party proposing to acquire or dispose of Stock, in writing before the fifteenth day, that they do not object, the party may proceed to acquire or dispose of the subject Stock.

**(b)** *Covered Claims, Beneficial Ownership and Acquisition.*

(1) <u>Notice of Substantial Beneficial Ownership of Covered Claims</u>. Any person or entity who is or becomes a Beneficial Owner of Covered Claims in an aggregate amount of at least $175 million (such a person or entity, a "**Substantial Claimholder**") must, on or before the later of: (A) fifteen (15) days after the Bankruptcy Court's entry of an order approving these Procedures or (B) ten (10) days after that person or entity becomes a Substantial Claimholder, serve on the Debtors and their attorneys a notice containing the Beneficial Ownership information substantially in the form of Exhibit D-1 attached to the Motion.

(2) <u>Advance Notice of Certain Acquisitions</u>.

(A) <u>Acquisitions</u>. Subject to paragraph (3) below, prior to any person or entity purchasing, acquiring or otherwise obtaining a Beneficial Ownership of Covered Claims that would either (i) result in an increase in the amount of Covered Claims owned by a Substantial Claimholder or (ii) result in a person or entity becoming a Substantial Claimholder (a "**Covered Claims Transaction**"), such person or entity must file with the Bankruptcy Court and serve on the Debtors and their attorneys a notice in the form of Exhibit D-2 attached to the Motion.

(B) The Debtors shall have fifteen (15) days after receipt of any filing described in paragraph (A) above to object to the Covered Claims Transaction. If the Debtors file an objection, the Covered Claims Transaction may not be consummated, and, if consummated in violation of the Bankruptcy Court's order, will not be deemed effective, unless approved by a final and nonappealable order of

3

the Bankruptcy Court. If the Debtors do not object within the fifteen (15) day period, the Covered Claims Transaction may proceed solely as set forth in the notice. Further Covered Claims Transactions within the scope of paragraph (A) above must be the subject of additional notices as set forth herein with an additional fifteen (15) day waiting period. If the Debtors voluntarily advise the party proposing to acquire Covered Claims, in writing before the fifteenth day, that they do not object, the party may proceed to acquire the subject Covered Claims.

(3) <u>Contemporaneous Notice of Certain Acquisitions</u>. A person or entity shall not be required to provide advance notice to the Bankruptcy Court, or to the Debtors or the Debtors' attorneys of any transfer of any Covered Claims, where (A) (i) the transferor is a Substantial Claimholder and acquired all the Covered Claims being transferred after the date that is eighteen months prior to the Petition Date and such claims are not Ordinary Course Claims (as defined below) continuously held by the transferor and (ii) the transferee will become a Substantial Claimholder, but the transferee did not, immediately before the transfer, hold any Covered Claims that it acquired after the date that is eighteen months prior to the Petition Date (other than Ordinary Course Claims continuously held by the transferee) or (B) the transferee will acquire the Covered Claims being transferred pursuant to a foreclosure or other involuntary transfer from an equity participant or the lessor in a leveraged lease transaction (both (A) and (B) an "**Excepted Transfer**"). Instead, the transferee shall provide written notice to the Debtors and the Debtors' attorneys within ten (10) days after the Excepted Transfer, in the form of Exhibit D-3 attached to the Motion.

(c) *Definitions.* For purposes of this Notice:

(1) "**Beneficial Ownership**" of a Covered Claim or of Stock shall be determined in accordance with applicable rules under section 382 of the Internal Revenue Code and thus shall include, but not be limited to, direct and indirect ownership (*e.g.*, a holding company would be considered to Beneficially Own all shares owned or acquired by its 100% owned subsidiaries), ownership by members of a person's family and persons acting in concert and, in certain cases, the creation or issuance of an option (in any form). Any variation of the term Beneficial Ownership (*e.g.*, "Beneficially Own") shall have the same meaning and an "option" to acquire stock or claims shall include any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(2) A "**Covered Claim**" shall mean (i) any claim against one or more Debtors arising prior to the Petition Date or (ii) a lease under which one

4

UMB 01039

or more Debtors are lessees and that has not been assumed by such Debtor(s). The amount of any Covered Claim that is a lease shall be the aggregate amount of lease payments that are or will become due.

(3) An "**Ordinary Course Claim**" shall mean a claim that was incurred by any of the Debtors in connection with the normal, usual or customary conduct of business, determined without regard to whether the claim arose from ordinary operations or capital expenditures of any Debtor. For example, a claim (other than a claim acquired for a principal purpose of being exchanged for stock) arises in the ordinary course of a Debtor's trade or business if it is trade debt; a tax liability; a liability arising from a past or present employment relationship, a past or present business relationship with a supplier, customer or competitor of the loss corporation, a tort, a breach of warranty or a breach of statutory duty; or indebtedness incurred to pay an expense deductible under I.R.C. § 162 or included in the cost of goods sold. A claim that arises upon the rejection of a contract or lease pursuant to the title 11 case is treated as arising in the ordinary course of a Debtor's trade or business if the contract or lease so arose.

(d) *Notice Requirements.* Upon receipt of this notice and at least once every three (3) months during the pendency of these chapter 11 cases, all indenture trustees, owner trustees and transfer agents shall send this notice to all holders of the Covered Claims of more than $75 million or 3 million shares of Stock, as applicable, registered with the indenture trustee, owner trustee or transfer agent; provided that, if any indenture trustee provides the Debtors with the name and addresses of all holders of the Covered Claims of more than $75 million registered with such indenture trustee, the Debtors shall deliver such notice to such holders. Any registered holder shall, in turn, provide the notice to any holder for whose account the registered holder holds Covered Claims of more than $75 million or 3 million shares of Stock, as applicable. Any such holder shall, in turn, provide the notice to any person or entity for whom the holder holds Covered Claims of more than $75 million or 3 million shares of Stock, as applicable. Any person or entity, or broker or agent acting on such person's or entity's behalf, that sells Covered Claims in the aggregate amount of $15 million to another person or entity shall provide a copy of this notice to such purchaser of such Covered Claims or to any broker or agent acting on such purchaser's behalf. Any person or entity, or broker or agent acting on such person's or entity's behalf, that sells an aggregate amount of at least 1 million shares of Stock (or an option with respect thereto) to another person or entity (other than pursuant to a transaction consummated on the New York Stock Exchange) shall provide this notice to such purchaser or to any broker or agent acting on such purchaser's behalf.

UMB 01040

    *(e)*    ***Debtors' Right to Waive.*** The Debtors may waive, in writing, any and all restrictions, stays and notification procedures contained in this Motion.

    *(f)*    ***Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.*** The application of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure shall be unaffected by these trading restriction and notification requirements.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED SALE, TRADE OR OTHER TRANSFER OF THE STOCK OR COVERED CLAIMS IN VIOLATION OF THE ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.**

PLEASE TAKE FURTHER NOTICE that the deadline to file an objection ("**Objection**") to the Motion shall be 4:00 p.m. (prevailing Eastern Time) on September 30, 2005 (the "**Objection Deadline**"). An Objection shall be considered timely if it is (i) filed with the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 and (ii) actually received on or before the Objection Deadline by (a) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Greg M. Zipes, Esq., (b) attorneys for the Debtors, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Attn: D. Scott Tucker, Esq., (c) attorneys for any official committee then-appointed in these cases, (d) attorneys to the agent for the Debtors' post-petition lenders, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: George A. Davis and (e) attorneys for American Express Travel Related Services Company, Inc., Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attn: Jeffrey L. Schwartz and Joshua I. Divack.

PLEASE TAKE FURTHER NOTICE that if timely objections are received there shall be a hearing held on October 6, 2005, at 1:30 p.m. to consider the timely Objections to the Motion.

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and served, as set forth herein, the Debtors shall, on or after the Objection Deadline, submit to the Bankruptcy Court a final order granting the relief requested herein, which order shall be submitted and may be entered with no further notice or opportunity to be heard afforded to any party, and the Motion shall be approved *nunc pro tunc* to the date of the commencement.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of

UMB 01041

Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

Dated: September 21, 2005
      New York, New York

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-6539
John Fouhey, Esq. (JF 9006)
Marshall S. Huebner, Esq. (MH 7800)
Benjamin S. Kaminetzky, Esq. (BK 7741)

UMB 01042

## Schedule A

Filing Entities

1. ASA Holdings, Inc.
2. Comair Holdings, LLC
3. Comair, Inc.
4. Comair Services, Inc.
5. Crown Rooms, Inc.
6. DAL Aircraft Trading, Inc.
7. DAL Global Services, LLC
8. DAL Moscow, Inc.
9. Delta AirElite Business Jets, Inc.
10. Delta Air Lines, Inc.
11. Delta Benefits Management, Inc.
12. Delta Connection Academy, Inc.
13. Delta Corporate Identity, Inc.
14. Delta Loyalty Management Services, LLC
15. Delta Technology, LLC
16. Delta Ventures III, LLC
17. Epsilon Trading, Inc.
18. Kappa Capital Management, Inc.
19. Song, LLC

UMB 01043