Dated: June 26, 2006

**NOTICE REGARDING (1) DEADLINE TO FILE CLAIMS IN DELTA AIR LINES, INC. ET. AL BANKRUPTCY PROCEEDINGS AND (2) RESCHEDULING OF RESPONSE DEADLINE AND HEARING ON MOTION TO REJECT FACILITIES LEASE AND OTHER AGREEMENTS RELATING TO THE BONDS**

Notice #9

**NOTICE TO THE HOLDERS OF THE $419,000,000 KENTON COUNTY AIRPORT BOARD, SPECIAL FACILITIES REVENUE BONDS, 1992 SERIES A (DELTA AIR LINES, INC. PROJECT) AND THE $19,000,000 KENTON COUNTY AIRPORT BOARD, SPECIAL FACILITIES REVENUE BONDS, 1992 SERIES B (DELTA AIR LINES, INC. PROJECT)**

| Series | Interest Rate | Maturity Date | CUSIP No.[1] |
|--------|---------------|---------------|-----------|
| Series A | 7.500% | 2/1/2012 | 491026JF8 |
| Series A | 7.500% | 2/1/2020 | 491026JG6 |
| Series A | 7.125% | 2/1/2021 | 491026JK7 |
| Series A | 6.125% | 2/1/2022 | 491026JH4 |
| Series B | 7.250% | 2/1/2022 | 491026JJ0 |

**(COLLECTIVELY, THE "BONDS")**

**NOTE:  THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE REGISTERED AND BENEFICIAL OWNERS OF THE BONDS.  IF APPLICABLE, ALL DEPOSITORIES, CUSTODIANS, AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE ARE REQUESTED TO EXPEDITE RE-TRANSMITTAL TO BENEFICIAL OWNERS OF THE BONDS IN A TIMELY MANNER.**

Dear Bondholder:

This notice (the "Notice") is given to you by UMB Bank, N.A., as successor trustee to Star Bank, N.A. n/k/a U.S. Bank National Association (the "Trustee") under the Trust Indenture dated as of February 1, 1992 (the "Indenture") between the Kenton County Airport Board (the "Issuer") and the Trustee in your capacity as a holder of the Bonds (the "Bondholders").

This Notice and other information will be posted on www.kentoncountybondholders.com, a website established by the Trustee for the purpose of making publicly available certain information which may be of interest to Bondholders.  Delta Air Lines, Inc. ("Delta") and certain of its affiliated companies have also provided information for dissemination and have posted certain financial and other information pertaining to their bankruptcy filing (as referenced below) on their website, www.deltadocket.com.

---

[1] The Trustee makes no representation as to the accuracy of the CUSIP numbers.

UMB  01150

## CHAPTER 11 FILING OF DELTA AIR LINES, INC., ET. AL.

As the Trustee has previously notified you, on September 14, 2005, Delta and certain of its affiliates filed separate voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Proceedings"). The bankruptcy petition and other related documents filed in these cases are available on the Court's website www.nysb.uscourts.gov or at the Clerk's office at the following address:

<div align="center">

Clerk of United States Bankruptcy Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

</div>

Additionally, certain documents are available at www.deltadocket.com.

## BANKRUPTCY COURT SCHEDULES AUGUST 21, 2006 DEADLINE TO FILE CLAIMS AGAINST DELTA AND DEBTOR AFFILIATES

The Bankruptcy Court has entered an "Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof" (the "Bar Date Order") setting August 21, 2006 as the deadline for filing proofs of claim against Delta and/or those affiliates of Delta which are also debtors in the Bankruptcy Proceedings (the "Debtors"). A copy of the Bar Date Order is attached. A copy of Delta's "Notice of Deadline Requiring Filing of Proofs of Claim on or Before August 21, 2006" is also attached. The Trustee is evaluating the Bar Date Order and intends to file a claim or claims relating to the Bonds on or before that deadline.

The Bar Date Order states that Bondholders do not need to file a proof of claim in the Bankruptcy Proceedings to the extent Bondholders' claims are "limited exclusively to the repayment of principal, interest and other fees and expenses" under agreements governing municipal or tax-exempt bonds issued by or for the benefit of the Debtors pursuant to an indenture (the "Trustee Claim"). Therefore, Bondholders are not required to file proofs of claim for amounts that are part of the Trustee Claim. **If a Bondholder has other claims, such Bondholder should consult its own legal advisors about the necessity of filing a claim, and the procedures, time limits and restraints for filing such claims against the Debtors. The foregoing description is not a substitute for a careful review of the Bar Date Order.**

## DELTA RESCHEDULES HEARING ON MOTION TO REJECT FACILITIES LEASE AND RELATED AGREEMENTS

As the Trustee has indicated in previous notices, on April 28, 2006, Delta filed a motion in the Bankruptcy Proceedings to reject a certain Lease Agreement with the Kenton County Airport Board that relates to the Bonds (the "Facilities Lease") and to reject certain other agreements associated with the Facilities Lease to the extent they are "executory contracts" or "unexpired leases" (the "Rejection Motion"). As originally filed, the Rejection Motion was scheduled for a hearing in the Bankruptcy Proceedings for June 1, 2006, with any objections due May 25, 2006.

The Trustee hereby notifies you that both the hearing date on the Rejection Motion and the deadline for any objections by the Kenton County Airport Board ("KCAB") or the Trustee have been rescheduled. A hearing on the Rejection Motion is now scheduled for July 26, 2006, with any objections by KCAB or the

UMB 01151

Trustee due July 7, 2006. The Trustee continues to evaluate the Rejection Motion, and the Trustee, the unofficial Bondholders' Committee (described below) and KCAB continue to discuss the Rejection Motion with Delta. The Trustee will issue a further notice or notices to Bondholders concerning the Rejection Motion as appropriate.

## BONDHOLDER COMMITTEE

As discussed in previous notices, certain Bondholders have joined an unofficial Bondholders' Committee. Bondholders participating in such a group could be restricted in their ability to trade their Bonds. In addition, Delta has required that Bondholders who receive certain information from Delta enter into a confidentiality agreement which may not only restrict the ability of such Bondholders to trade the Bonds, but also the other securities of Delta.

## RETENTION OF COUNSEL

The Trustee has retained the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., and specifically Mr. William W. Kannel and Mr. Daniel S. Bleck of that firm, to represent it in connection with the Bankruptcy Proceedings. The address of Mr. Kannel and Mr. Bleck is Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111. Mr. Kannel's telephone number is (617) 348-1665; E-mail: wkannel@mintz.com. Mr. Bleck's telephone number is (617) 348-4498; E-mail: dbleck@mintz.com.

## FUTURE EVENTS

The Trustee will periodically communicate with Bondholders through written notice of material events of a public nature which the Trustee has knowledge. To facilitate such communications, any beneficial holder who wishes to receive such written notices directly may send its notice address to the Trustee, including its claimed holdings for the Bonds held (with CUSIP numbers, DTC participant name and denominations, if applicable), a contact person, address, telephone number and e-mail address.

Please note that the Trustee may conclude that a specific response to particular inquiries from individual Bondholders is not consistent with equal and full dissemination of information to all Bondholders. Bondholders should not rely on the Trustee, or on counsel or other advisors retained by the Trustee, as their sole source of information. The Trustee makes no recommendations nor gives any investment advice herein or as to the Bonds generally.

## COMMUNICATIONS TO TRUSTEE

If you wish to contact the Trustee regarding the Bonds or the contents of this Notice, we ask that you do so in writing directed to:

<div align="center">

UMB Bank, N.A., as Trustee
Corporate Trust Division
2401 Grand Blvd.
Kansas City, MO 64108-2551
Attn: Anthony Hawkins
Vice President

</div>

UMB 01152

Or you may contact either William Kannel or Daniel Bleck.

Very truly yours,


UMB Bank, N.A.,
As Trustee

UMB  01153

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                        :
In re:                                                  :
                                                        : **Chapter 11 Case No.**
                                                        :
**DELTA AIR LINES, INC., et al.,**                      : **05-17923 (ASH)**
                                                        :
                                                        : **(Jointly Administered)**
Debtors.[1]                                             :
                                                        :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - -   x

### ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the Motion (the "**Motion**")[2] of the Debtors for an order, pursuant to

Bankruptcy Rule 3003(c)(3), fixing a deadline and establishing procedures for filing

proofs of claim and approving the form and manner of service thereof; and the Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges

of the District Court for the Southern District of New York, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the requested relief being a core

proceeding that the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2);

and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been provided in accordance with the Court's

---

[1] The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.; Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC; Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC.

[2] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

Case Management Order; and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates and all other parties in interest in this case; and the Court having reviewed the Motion [and having held a hearing with appearances of parties in interest noted in the transcript thereof]; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, joint ventures, corporations, estates, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against any Debtor that arose prior to the Petition Date, shall file a proof of such claim in writing so that it is actually received at the Delta Claims Processing Center on or before August 21, 2006, at 5:00 p.m. (prevailing Eastern Time) (the "**Bar Date**"); and it is further

ORDERED, that the following procedures for the filing of proofs of claim shall apply:

      (a)    proofs of claim must conform substantially to the Proof of Claim Form or Official Form No. 10;

      (b)    proofs of claim must be filed either by mailing the original proof of claim to the United States Bankruptcy Court, Southern District of New York, Delta Claims Processing Center, Bowling Green Station, P.O. Box 5016, New York, New York 10274-5016 or by delivering the original proof of claim by hand or overnight courier to the United States Bankruptcy Court, Southern District of New

2

UMB 01155

York, Delta Claims Processing Center, One Bowling Green, Room 534, New York, New York 10004-1408;

(c)     proofs of claim sent by facsimile, telecopy or electronic mail shall not be accepted;

(d)     proofs of claim shall be deemed timely filed only if *actually received* at the Delta Claims Processing Center on or before 5:00 p.m. (prevailing Eastern time) on the Bar Date;

(e)     proofs of claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be written in the English language; and (iv) be denominated in lawful currency of the United States; *provided, however*, that the Debtors shall have the right to convert a claim denominated in non-U.S. currency into U.S. currency using the applicable exchange rate as of the Petition Date, unless the Debtors deem another date more appropriate; and

(f)     proofs of claim must specify by name the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor;

and it is further

ORDERED, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a)     any person or entity that has *already* properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form or Official Form No. 10;

(b)     any person or entity whose claim is listed on the Schedules, *provided* that (i) the claim is *not* scheduled as "disputed," "contingent" or "unliquidated"; (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; *and* (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

3

UMB 01156

(c)    any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the Bar Date;

(d)    any person or entity whose claim has been paid in full by any of the Debtors;

(e)    any current employee of the Debtors, and any labor union authorized by law to represent any current employee, in each case solely with respect to any claim based on the payment of wages, salaries and vacation pay arising in the ordinary course of business and previously authorized to be paid by order of the Court, including the first day wage order approved by the Court on September 16, 2005, *provided, however*, that if the Debtors provide written notice to any current employee stating that the Debtors do not intend to exercise their authority to pay such claim, such employee shall have until the later of (i) the Bar Date and (ii) 45 days from the date of service of such written notice, to file a proof of claim;

(f)    any current or former employee of the Debtors whose claim is for non-qualified benefits (pension or welfare) arising under any of the following plans or programs: the Delta Pilots Bridge Plan, the Delta Pilots Supplemental Annuity Plan, the 1986 Delta Excess Benefit Plan, the 1991 Delta Excess Benefit Plan, the Delta Supplemental Excess Benefit Plan, the 2002 Delta Excess Benefit Plan, the 2002 Delta Supplemental Excess Benefit Plan and the Delta Officers Life Insurance Program, *provided, however*, that if the Debtors provide written notice to any current or former employee stating that the Debtors do not intend to exercise their authority to pay such claim, such current or former employee shall have until the later of (i) the Bar Date and (ii) 45 days from the date of service of such written notice, to file a proof of claim;

(g)    any former employee of the Debtors and any spouse, dependent or survivor of a former employee of the Debtors, in each case solely with respect to any claim based on changes to post-retirement or survivor health or welfare benefits (the "**Benefits**"), including, without limitation, medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death. Benefit changes covered by this paragraph (g) shall include, but not be limited to, reductions in the amount or proportion of Benefits paid by the Debtors (which shall include, for purposes of this paragraph (g) only, Benefits paid either directly by the Debtors or by a trust established by the Debtors for the purpose of paying such Benefits). However, if the Debtors provide individualized

4

UMB 01157

written notice to a former employee or survivor that (i) states that the Debtors have altered or intend to alter such benefits,[3] (ii) explains the basis of the changes and (iii) specifically estimates and describes the basis for the individual claim or claims (if any) related to such former employee or survivor, such former employee of the Debtors and any spouse, dependent or survivor of such former employee shall have 45 days from the date of service of such written notice to file a proof of claim;[4]

(h)    any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the Bar Date;

(i)    any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration;

(j)    any person or entity that holds a claim solely against any of the Debtors' non-Debtor affiliates;

(k)    any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors, in the aggregate, directly or indirectly, own, control or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

(l)    any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "**Debt Claim**") under the agreements governing any syndicated credit facility or debt security (including, without limitation, any municipal or tax-exempt bond) issued by or for the benefit of the Debtors pursuant to an indenture (together, the "**Debt Instruments**"); *provided, however,* that (i) the foregoing exclusion in this subparagraph shall not apply to the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture (each, a "**Debt Representative**"), (ii) each Debt Representative shall be authorized to and required to file a single proof of claim, on or before the Bar Date, on account of all Debt Claims against all Debtors under the applicable Debt

---

[3] As to Benefits governed by Section 1114 of the Bankruptcy Code, the Debtors will not send such notice until either reaching agreement with the relevant official committee appointed pursuant to Section 1114 of the Bankruptcy Code or receiving court approval regarding the relevant changes.

[4] Nothing herein shall be construed to waive any right or obligation that any person or entity (including the Debtors) may have under Section 1114 of the Bankruptcy Code.

5

UMB 01158

Instruments and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument, shall be required to file a proof of claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies; and

(m)    any person or entity that holds an interest in any Debtor, which interest is based exclusively upon the ownership of common or preferred stock or warrants, rights or options to purchase, sell or subscribe to common or preferred stock; *provided, however*, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors (including claims for damages, rescission, reimbursement or contribution) that arise out of or relate to the purchase or sale of an interest must file a proof of claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies;

and it is further

ORDERED, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (i) the Bar Date and (ii) the date that is 30 days following the effective date of such rejection (unless the order authorizing such rejection provides otherwise); and it is further

ORDERED, that with regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more proof of claim forms (as appropriate) substantially similar to the Proof of Claim Form, indicating on each Proof of Claim Form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed); and it is further

ORDERED, that pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against one or more of the Debtors who is required, but fails, to timely file a proof of

6

UMB 01159

such claim in appropriate form in accordance with the terms of this Order shall be forever

barred, estopped and enjoined from asserting such claim against the Debtors (or filing a

proof of claim with respect thereto), and the Debtors, their chapter 11 estates, their

successors and their respective property shall be forever discharged from any and all

indebtedness or liability with respect to such claim, and such holder shall not be

permitted to vote to accept or reject any plan of reorganization filed in these chapter 11

cases, or participate in any distribution in the Debtors' chapter 11 cases on account of

such claim or to receive further notices regarding such claim; and it is further

   ORDERED, that the Bar Date Notice is approved and shall be deemed adequate

and sufficient if a copy is served by first-class mail at least 35 days prior to the Bar Date

on:

<div style="margin-left:3em">

(a)  the United States Trustee;

(b)  counsel to each official committee appointed in these chapter 11 cases;

(c)  all persons or entities that have requested notice of the proceedings in the chapter 11 cases;

(d)  all persons or entities that have filed claims;

(e)  all known holders of pre-petition claims listed on the Schedules at the addresses stated therein;

(f)  all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(g)  all parties to litigation with the Debtors;

(h)  the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney for the Southern District of New York and any other required governmental units;

</div>

<div style="text-align:center">7</div>

UMB 01160

       (i)      the Core Parties and the Non-ECF Service Parties (each as defined in the Case Management Order); and

       (j)      such additional persons and entities as deemed appropriate by the Debtors;

and it is further

ORDERED, that if the Debtors amend or supplement the Schedules subsequent to the date hereof but before service of the Bar Date Notice, then service of the personalized Proof of Claim Form attached to the Bar Date Notice shall be good and sufficient notice under Bankruptcy Rule 1009(a), and no other notice of amendment of the Schedules shall be required; and it is further

ORDERED, that if the Debtors amend or supplement the Schedules subsequent to the service of the Bar Date Notice in a manner that would add a new claim, reduce the undisputed, non-contingent or liquidated amount of a claim, or change the nature or classification of a claim, then the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be required to file a proof of claim by the later of (i) the Bar Date and (ii) 30 calendar days after such claimant is served with notice that the Debtors have amended their Schedules, or be barred from doing so; and it is further

ORDERED, that pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the Bar Date in substantially in the form of the Publication Notice once in each of *The New York Times* (national edition), *The Wall Street Journal* (national edition) and *USA Today* (worldwide), in each case at least 25 days prior to the Bar Date, and shall also post a copy of the Publication Notice and the Proof of Claim Form on

8

UMB 01161

*www.deltadocket.com*, which Publication Notice is hereby approved and shall be deemed good, adequate and sufficient notice of the Bar Date; and it is further

ORDERED that the Notice Procedures are hereby approved and shall be deemed good, adequate and sufficient notice for all relevant purposes; and it is further

ORDERED, that the Debtors and BSI are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that nothing in this Order shall prejudice the right of any party in interest to object to any proof of claim, whether filed or scheduled, on any grounds, or to dispute or assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise or to subsequently designate any claim as disputed, contingent, unliquidated or undetermined; and it is further

ORDERED, that entry of this Order is without prejudice to the right of the Debtors to seek a further order of the Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED, that notwithstanding the possible applicability of Bankruptcy Rule 6004(g), 7062 or 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon entry.

9

UMB 01162

Dated:   June 5, 2006
         White Plains, New York

                              /s/ Adlai S. Hardin, Jr.
                              UNITED STATES BANKRUPTCY JUDGE

10

UMB 01163

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
**In re:**                            :
                                      :    **Chapter 11 Case No.**
                                      :
**DELTA AIR LINES, INC., et al.,**    :    **05-17923 (ASH)**
                                      :
                                      :    **(Jointly Administered)**
**Debtors.**<sup>*</sup>              :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<center>

**NOTICE OF DEADLINE REQUIRING FILING OF**
**PROOFS OF CLAIM ON OR BEFORE AUGUST 21, 2006**

</center>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST DELTA AIR LINES, INC.,
AND THOSE OF ITS SUBSIDIARIES THAT ARE DEBTORS AND DEBTORS IN
POSSESSION:

      On June 5, 2006, the United States Bankruptcy Court for the Southern District of New
York entered an order (the "**Bar Date Order**") establishing **August 21, 2006 at 5:00 p.m.
(prevailing Eastern time)** (the "**Bar Date**") as the last date and time for each person or entity
(including individuals, partnerships, corporations, joint ventures, corporations, estates, trusts and
governmental units) to file a proof of claim against Delta Air Lines, Inc. ("**Delta**") and those of
its subsidiaries that are debtors and debtors in possession in those proceedings (collectively, the
"**Debtors**").<sup>*</sup>

      The Bar Date and the procedures set forth below for filing proofs of claim apply to all
claims against the Debtors that arose prior to September 14, 2005, the date on which the Debtors
commenced cases under chapter 11 of the United States Bankruptcy Code (the "**Petition Date**"),
except for those holders of the claims listed in section 4 below that are specifically excluded
from the Bar Date filing requirement.

      The Delta Claims Processing Center can be contacted at (866) 686-8702 (if calling from
within the United States) or (310) 838-8020 (if calling from outside the United States) if you
have any questions about this Notice.

---

<sup>*</sup> The Debtors are the following entities: ASA Holdings, Inc.; Comair Holdings, LLC; Comair, Inc.; Comair
Services, Inc.; Crown Rooms, Inc.; DAL Aircraft Trading, Inc.; DAL Global Services, LLC; DAL Moscow, Inc.;
Delta AirElite Business Jets, Inc.; Delta Air Lines, Inc.; Delta Benefits Management, Inc.; Delta Connection
Academy, Inc.; Delta Corporate Identity, Inc.; Delta Loyalty Management Services, LLC; Delta Technology, LLC;
Delta Ventures III, LLC; Epsilon Trading, Inc.; Kappa Capital Management, Inc.; and Song, LLC. A list of the
Debtors' case numbers, tax identification numbers and trade names appears at the end of this Notice.

1.    **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to the Petition Date and it is not one of the types of claim described in section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

2.    **WHAT TO FILE**

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order) or to Official Form No. 10. Copies of the Proof of Claim Form may be obtained at *www.deltadocket.com*. Each proof of claim must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. Each proof of claim must be written in English and be denominated in United States currency. You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted. A list of the names of the Debtors and their respective case numbers appears at the end of this Notice.

3.    **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before August 21, 2006 at 5:00 p.m. (prevailing Eastern time)** at the following address:

**IF SENT BY MAIL:**

United States Bankruptcy Court
Southern District of New York
Delta Claims Processing Center
Bowling Green Station
P.O. Box 5016
New York, NY 10274-5016

**IF DELIVERED BY HAND OR
OVERNIGHT COURIER:**

United States Bankruptcy Court
Southern District of New York
Delta Claims Processing Center
One Bowling Green, Room 534
New York, NY 10004-1408

Proofs of claim will be deemed timely filed only if **actually received** at the Delta Claims Processing Center on or before 5:00 p.m. (prevailing Eastern time) on the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail.

2

UMB 01165

4.    **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or prior to the Bar Date if you are:

(a)    a person or entity that has *already* properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form (as defined in the Bar Date Order) or to Official Form No. 10;

(b)    a person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "**Schedules**"),[†] *provided* that (i) the claim is *not* scheduled as "disputed," "contingent" or "unliquidated"; (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; *and* (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)    a person or entity that holds a claim that has been allowed by an order of the Court entered on or before the Bar Date;

(d)    a person or entity whose claim has been paid in full by any of the Debtors;

(e)    a current employee of the Debtors, or a labor union authorized by law to represent a current employee, in each case solely with respect to any claim based on the payment of wages, salaries and vacation pay arising in the ordinary course of business and previously authorized to be paid by order of the Court, including the first day wage order approved by the Court on September 16, 2005, *provided, however*, that if the Debtors provide written notice stating that the Debtors do not intend to exercise their authority to pay such claim, you shall have until the later of (i) the Bar Date and (ii) 45 days from the date of service of such written notice, to file a proof of claim;

(f)    a current or former employee of the Debtors whose claim is for non-qualified benefits (pension or welfare) arising under any of the following plans or programs: the Delta Pilots Bridge Plan, the Delta Pilots Supplemental Annuity Plan, the 1986 Delta Excess Benefit Plan, the 1991 Delta Excess Benefit Plan, the Delta Supplemental Excess Benefit Plan, the 2002 Delta Excess Benefit Plan, the 2002 Delta Supplemental Excess Benefit Plan and the Delta Officers Life Insurance Program, *provided, however*, that if the Debtors provide written notice stating that the Debtors do not intend to exercise their authority to pay such claim, you shall have

---

[†] The Debtors filed their Schedules on May 31, 2006.

3

UMB 01166

until the later of (i) the Bar Date and (ii) 45 days from the date of service of such written notice, to file a proof of claim;‡

(g)    a former employee of the Debtors or a spouse, dependent or survivor of a former employee of the Debtors, in each case solely with respect to any claim based on changes to post-retirement or survivor health or welfare benefits (the "**Benefits**"), including, without limitation, medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death. Benefit changes covered by this paragraph (g) shall include, but not be limited to, reductions in the amount or proportion of Benefits paid by the Debtors (which shall include, for purposes of this paragraph (g) only, Benefits paid either directly by the Debtors or by a trust established by the Debtors for the purpose of paying such Benefits). However, if the Debtors provide individualized written notice to a former employee or survivor that (i) states that the Debtors have altered or intend to alter such benefits, (ii) explains the basis of the changes and (iii) specifically estimates and describes the basis for the individual claim or claims (if any) related to such former employee or survivor, such former employee of the Debtors and any spouse, dependent or survivor of such former employee shall have 45 days from the date of service of such written notice to file a proof of claim;

(h)    a person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the Bar Date;

(i)    a person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration;

(j)    a person or entity that holds a claim solely against any of the Debtors' non-Debtor affiliates;

(k)    a Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors, in the aggregate, directly or indirectly, own, control or hold with power to vote, 50 percent or more of the outstanding voting securities of such subsidiary;

(l)    a person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "**Debt Claim**") under the agreements governing any syndicated credit facility or debt security (including, without limitation, any municipal or tax-exempt bond) issued by or for the benefit of the Debtors pursuant to an indenture (together, the

---

‡ When the Debtors have determined what claims, if any, they believe current or former employees have under such plans, the Debtors intend to amend the Schedules accordingly and will provide appropriate notices to affected persons.

4

UMB 01167

"**Debt Instruments**"); *provided, however,* that (i) the foregoing exclusion in this subparagraph shall not apply to the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture (each, a "**Debt Representative**"), (ii) each Debt Representative shall be authorized to and required to file a single proof of claim, on or before the Bar Date, on account of all Debt Claims against all Debtors under the applicable Debt Instruments and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument, shall be required to file a proof of claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies; or

(m)     a person or entity that holds an interest in any Debtor, which interest is based exclusively upon the ownership of common or preferred stock or warrants, rights or options to purchase, sell or subscribe to common or preferred stock; *provided, however,* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors (including claims for damages, rescission, reimbursement or contribution) that arise out of or relate to the purchase or sale of an interest must file a proof of claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

**5.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (i) the Bar Date and (ii) the date that is 30 days following the effective date of such rejection (unless the order authorizing such rejection provides otherwise).

**6.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.

UMB 01168

### 7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. If you agree with the nature, amount and status of your claim as listed on the Schedules, and if you do not dispute that your claim is only against the Debtors specified by the Debtors, and if your claim is not described as "disputed", "contingent", or "unliquidated", you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules are available for inspection on the Court's internet website at *www.nysb.uscourts.gov* and on the independent website maintained by the Debtors, *www.deltadocket.com.* A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access *www.nysb.uscourts.gov* and can be obtained through the PACER Service Center at *www.pacer.psc.uscourts.gov*. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern time), Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 534, New York, New York 10004-1408. Copies of the Schedules may also be obtained by request to the Debtors' claims agent at (866) 271-8942.

### 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds. The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a proof of claim.**

Dated:    June 5, 2006
       New York, New York

                                      **BY ORDER OF THE COURT**

       DAVIS POLK & WARDWELL
       450 Lexington Avenue
       New York, New York 10017
       (212) 450-4000

       Attorneys for Debtors and
         Debtors in Possession

UMB  01169

## LIST OF DEBTORS

| Debtor | Case Number | Tax I.D. Number | Other Trade Names |
|---|---|---|---|
| ASA Holdings, Inc. | 05-17946 | 58-2258221 | None. |
| Comair Holdings, LLC | 05-17931 | 31-1243613 | Comair Holdings, Inc. |
| Comair, Inc. | 05-17924 | 31-1010394 | Comair South, Inc. |
| Comair Services, Inc. | 05-17935 | 31-0958283 | None. |
| Crown Rooms, Inc. | 05-17922 | 20-1221328 | None. |
| DAL Aircraft Trading, Inc. | 05-17941 | 58-2472313 | None. |
| DAL Global Services, LLC | 05-17928 | 58-2198841 | Delta Air Lines Global Services, Inc.; DAL Global Services, Inc. |
| DAL Moscow, Inc. | 05-17937 | 58-1984412 | None. |
| Delta AirElite Business Jets, Inc. | 05-17942 | 31-1103656 | Comair Aviation; Comair Jet Express; CVG Aviation, Inc. |
| Delta Air Lines, Inc. | 05-17923 | 58-0218548 | None. |
| Delta Benefits Management, Inc. | 05-17945 | 58-2136025 | Delta Air Lines Funding Corporation |
| Delta Connection Academy, Inc. | 05-17926 | 59-2802660 | Comair Aviation Academy, Inc. |
| Delta Corporate Identity, Inc. | 05-17932 | 51-0394584 | Delta Capital Markets, Inc. |
| Delta Loyalty Management Services, LLC | 05-17939 | 58-2187905 | DeltaTel, Inc., Delta Loyalty Management Services, Inc. |
| Delta Technology, LLC | 05-17927 | 58-2248331 | Delta Technology, Inc., Delta Air Technology, Inc. |
| Delta Ventures III, LLC | 05-17936 | 58-1903305 | Delta Ventures III, Inc. |
| Epsilon Trading, Inc. | 05-17943 | 58-1448283 | None. |
| Kappa Capital Management, Inc. | 05-17947 | 51-0323487 | Delta Air Lines Holdings, Inc. |
| Song, LLC | 05-17921 | 22-3878531 | Savannah II, LLC; Song Airways, LLC; Delta d/b/a Song, LLC |

7

UMB 01170

**PROOF OF CLAIM**

Name of Debtor Against Which Claim is Held

Case No. of Debtor Against Which Claim is Held

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and Address of Creditor (and name and address where notices should be sent if different from name and address of Creditor):

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**NOTICE OF SCHEDULED CLAIM:**
Your claim is scheduled by the Debtor as:

Creditor's telephone number:

THE ORIGINAL OF THIS PROOF OF CLAIM FORM MUST BE DELIVERED SO THAT IT IS ACTUALLY RECEIVED BY 5:00 PM (EASTERN TIME) ON AUGUST 21, 2006.

**If by overnight mail or hand delivery:**
United States Bankruptcy Court
Southern District of New York
Delta Claims Processing Center
One Bowling Green, Room 534
New York, NY 10004-1408

**If by standard mail to:**
United States Bankruptcy Court
Southern District of New York
Delta Claims Processing Center
PO Box 5016, Bowling Green Station
New York, NY 10274-5016

IF YOU AGREE WITH THE AMOUNT, NATURE AND PRIORITY OF THE CLAIM AS SET FORTH IN THE SCHEDULES, AND YOU AGREE THAT THE CLAIM IS AN OBLIGATION ONLY OF THE SPECIFIC DEBTOR AGAINST WHICH THE CLAIM IS LISTED IN THE SCHEDULES, YOU DO NOT NEED TO FILE A PROOF OF CLAIM, EXCEPT, IF THE CLAIM IS SCHEDULED AS "DISPUTED," "CONTINGENT" OR "UNLIQUIDATED," A PROOF OF CLAIM MUST BE FILED.

**Please check the box and add the following information where applicable:**
☐ Debtor Accounts Payable #
☐ Debtor Aircraft Registration #
☐ Debtor Employee #

**Check here if this claim:**
☐ Replaces
☐ Amends
a previously filed claim, dated: _____

1. **Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#: ____ ____ ____ ____
Unpaid compensation for services performed
from _____ (date) to _____ (date)

2. Date debt was incurred:

3. If court judgment, date obtained:

4. **Total Amount of Claim at Time Case Filed:** $ _____ (unsecured nonpriority) + _____ (secured) + _____ (unsecured priority) = _____ (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. **Unsecured Nonpriority Claim:** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries, or commissions (up to $10,000), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,225 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

**UMB  01171**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

**Debtor**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

**Secured Claim**
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

**Unsecured Claim**
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the following information, if applicable: accounts payable account number; aircraft registration number or employee number. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
   Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the first four digits of your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
   Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
   If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Total Amount of Claim at Time Case Filed:**
   Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Secured Claim:**
   Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

6. **Unsecured Nonpriority Claim:**
   Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

7. **Unsecured Priority Claim:**
   Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

8. **Credits:**
   By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

9. **Supporting Documents:**
   You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

UMB 01172

Dated:  July 21, 2006

**NOTICE REGARDING (i) MOTION TO REJECT FACILITIES LEASE AND OTHER AGREEMENTS RELATING TO THE BONDS; (ii) FORBEARANCE AGREEMENT; AND (iii) INFORMATION REGARDING AUGUST 1, 2006 PAYMENT**

Notice #10

**NOTICE TO THE HOLDERS OF THE $419,000,000 KENTON COUNTY AIRPORT BOARD, SPECIAL FACILITIES REVENUE BONDS, 1992 SERIES A (DELTA AIR LINES, INC. PROJECT) AND THE $19,000,000 KENTON COUNTY AIRPORT BOARD, SPECIAL FACILITIES REVENUE BONDS, 1992 SERIES B (DELTA AIR LINES, INC. PROJECT)**

| Series | Interest Rate | Maturity Date | CUSIP No. [1] |
|--------|---------------|---------------|---------------|
| Series A | 7.500% | 2/1/2012 | 491026JF8 |
| Series A | 7.500% | 2/1/2020 | 491026JG6 |
| Series A | 7.125% | 2/1/2021 | 491026JK7 |
| Series A | 6.125% | 2/1/2022 | 491026JH4 |
| Series B | 7.250% | 2/1/2022 | 491026JJ0 |

**(COLLECTIVELY, THE "BONDS")**

**NOTE:  THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE REGISTERED AND BENEFICIAL OWNERS OF THE BONDS.  IF APPLICABLE, ALL DEPOSITORIES, CUSTODIANS, AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE ARE REQUESTED TO EXPEDITE RE-TRANSMITTAL TO BENEFICIAL OWNERS OF THE BONDS IN A TIMELY MANNER.**

Dear Bondholder:

This notice (the "Notice") is given to you by UMB Bank, N.A., as successor trustee to Star Bank, N.A. n/k/a U.S. Bank National Association (the "Trustee") under the Trust Indenture dated as of February 1, 1992 (the "Indenture") between the Kenton County Airport Board (the "Issuer") and the Trustee in your capacity as a holder of the Bonds (the "Bondholders").

This Notice and other information will be posted on www.kentoncountybondholders.com, a website established by the Trustee for the purpose of making publicly available certain information which may be of interest to Bondholders.  Delta Air Lines, Inc. ("Delta") and certain of its affiliated companies have also provided information for dissemination and have posted certain financial and other information pertaining to their bankruptcy filing (as referenced below) on their website, www.deltadocket.com.

---

[1] The Trustee makes no representation as to the accuracy of the CUSIP numbers.

**CHAPTER 11 FILING OF DELTA AIR LINES, INC., ET. AL.**

As the Trustee has previously notified you, on September 14, 2005, Delta and certain of its affiliates filed separate voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Proceedings"). The bankruptcy petition and other related documents filed in these cases are available on the Court's website www.nysb.uscourts.gov or at the Clerk's office at the following address:

<div align="center">

Clerk of United States Bankruptcy Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

</div>

Additionally, certain documents are available at www.deltadocket.com.

**FORBEARANCE AGREEMENT ENTERED INTO FOR PURPOSES OF CONTINUING DISCUSSIONS REGARDING REJECTION MOTION**

As the Trustee has indicated in previous notices, on April 28, 2006, Delta filed a motion in the Bankruptcy Proceedings to reject the Lease Agreement with the Kenton County Airport Board that requires Delta to, inter alia, pay rentals equal to amounts due on the Bonds (the "Facilities Lease") and to reject certain other agreements associated with the Facilities Lease to the extent they are "executory contracts" or "unexpired leases" (the "Rejection Motion"). As indicated in previous notices, the Trustee continues to evaluate the Rejection Motion, and the Trustee, the unofficial Bondholders' Committee (described below) and the Kenton County Airport Board ("KCAB") continue to discuss the Rejection Motion with Delta.

The Trustee hereby notifies you that for the purpose of continuing discussions with Delta and KCAB, the Trustee, the unofficial Bondholders' Committee, KCAB and Delta have entered into a Forbearance Agreement dated July 18, 2006 (the "Forbearance Agreement"). Under the Forbearance Agreement, Delta has agreed to make payments in the amount of $1,125,000 per month commencing September 1, 2006 during the forbearance period described in that agreement (the "Forbearance Period"). Delta has also agreed to make a payment on August 1, 2006 in the amount of $9,000,000 that represents eight (8) monthly payments of $1,125,000 for the period January through August 2006.

The Forbearance Period ends on the earlier of (i) the date an order is entered in the Bankruptcy Proceedings approving or denying the Rejection Motion, which date shall be no earlier than September 29, 2006; or (ii) the date upon which the Trustee, Delta or KCAB provides a notice in accordance with the Forbearance Agreement terminating the Forbearance Period, which date shall be no earlier than November 30, 2006.

Payments received by the Trustee under the Forbearance Agreement and distributions by the Trustee to the Bondholders should not be construed as representing the economic value of the final terms and conditions that may be agreed to under a new lease for facilities Delta occupies under the Facilities Lease.

Any questions regarding the Forbearance Agreement can be directed to counsel to the Trustee at the contact information that appears below, or to the Trustee directly.

UMB 01174

**PARTIAL PAYMENT OF INTEREST DUE AUGUST 1, 2006**

Subject to the Trustee's actual receipt of the $9,000,000 payment described above, the Trustee intends to distribute a payment of approximately $9,000,000 on or about August 1, 2006. The payment will be distributed to holders of record on July 15, 2006 as follows:

| Cusip | Bond Maturity | Interest Rate | Interest factor per $1,000 Bond |
|-------|---------------|---------------|---------------------------------|
| 491026JF8 | 2/1/2012 | 7.500% | $23.116202 |
| 491026JG6 | 2/1/2020 | 7.500% | $23.116202 |
| 491026JK7 | 2/1/2021 | 7.125% | $22.007892 |
| 491026JH4 | 2/1/2022 | 6.125% | $18.919065 |
| 491026JJ0 | 2/1/2022 | 7.250% | $22.393995 |

The distribution amount for each Bond has been determined based upon interest accrued and unpaid on each Bond as of July 31, 2006. Each Bondholder should consult his/her tax advisor as to the proper reporting of such payment for income tax purposes.

**DELTA CONTINUES HEARING ON MOTION TO REJECT FACILITIES LEASE AND RELATED AGREEMENTS**

The Trustee hereby notifies you that in connection with the Forbearance Agreement, both the hearing date on the Rejection Motion previously scheduled for July 26, 2006 and the deadline for any objections by KCAB or the Trustee to the Rejection Motion have been continued generally. The Trustee will issue a further notice or notices to Bondholders concerning the Rejection Motion as appropriate.

**BONDHOLDER COMMITTEE**

As discussed in previous notices, certain Bondholders have joined an unofficial Bondholders' Committee. Bondholders participating in such a group could be restricted in their ability to trade their Bonds. In addition, Delta has required that Bondholders who receive certain information from Delta enter into a confidentiality agreement which may not only restrict the ability of such Bondholders to trade the Bonds, but also the other securities of Delta.

**RETENTION OF COUNSEL**

The Trustee has retained the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., and specifically Mr. William W. Kannel and Mr. Daniel S. Bleck of that firm, to represent it in connection with the Bankruptcy Proceedings. The address of Mr. Kannel and Mr. Bleck is Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111. Mr. Kannel's telephone number is (617) 348-1665; E-mail: wkannel@mintz.com. Mr. Bleck's telephone number is (617) 348-4498; E-mail: dbleck@mintz.com.

UMB 01175

## FUTURE EVENTS

The Trustee will periodically communicate with Bondholders through written notice of material events of a public nature which the Trustee has knowledge. To facilitate such communications, any beneficial holder who wishes to receive such written notices directly may send its notice address to the Trustee, including its claimed holdings for the Bonds held (with CUSIP numbers, DTC participant name and denominations, if applicable), a contact person, address, telephone number and e-mail address.

Please note that the Trustee may conclude that a specific response to particular inquiries from individual Bondholders is not consistent with equal and full dissemination of information to all Bondholders. Bondholders should not rely on the Trustee, or on counsel or other advisors retained by the Trustee, as their sole source of information. The Trustee makes no recommendations nor gives any investment advice herein or as to the Bonds generally.

## COMMUNICATIONS TO TRUSTEE

If you wish to contact the Trustee regarding the Bonds or the contents of this Notice, we ask that you do so in writing directed to:

<div align="center">

UMB Bank, N.A., as Trustee
Corporate Trust Division
2401 Grand Blvd.
Kansas City, MO 64108-2551
Attn: Anthony Hawkins
Vice President

</div>

Or you may contact either William Kannel or Daniel Bleck.

Very truly yours,


UMB Bank, N.A.,
As Trustee

UMB 01176