```
 1                    UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF NEW YORK
 2                                          .
    IN RE:                                  .  Case No. 05-17923 (ASH)
 3                                          .
    DELTA AIR LINES, INC., et al,           .  (Jointly Administered)
 4                                          .
                                            .  New York, New York
 5                                          .  Wednesday, April 25, 2007
                          Debtors.          .  2:31 p.m.
 6  . . . . . . . . . . . . . .

 7                    TRANSCRIPT OF CONFIRMATION HEARING
                    BEFORE THE HONORABLE ADLAI S. HARDIN
 8                     UNITED STATES BANKRUPTCY JUDGE

 9  APPEARANCES:    (On the Record)

10  For the Debtors:              Marshall S. Huebner, Esq.
                                  DAVIS, POLK & WARDWELL
11                                450 Lexington Avenue
                                  New York, New York 10038
12
                                  Michael E. Wiles, Esq.
13                                Richard F. Hahn, Esq.
                                  DEBEVOISE & PLIMPTON, LLP
14                                919 Third Avenue
                                  New York, New York 10022
15
    For the Official Committee
16  of Unsecured Creditors:       David H. Botter, Esq.
                                  Lisa G. Beckerman, Esq.
17                                AKIN, GUMP, STRAUSS, HAUER
                                    & FELD, LLP
18                                590 Madison Avenue, 20th Floor
                                  New York, New York 10022
19  (Appearances continued)

20  Audio Operator:               Electronically Recorded
                                  by Court Personnel
21
    Transcription Company:        Rand Transcript Service, Inc.
22                                80 Broad Street, Fifth Floor
                                  New York, New York 10004
23                                (212) 504-2919
                                  www.randtranscript.com
24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.
```

```
 1   APPEARANCES:   (Continued)

 2   For the Ad Hoc Committee
     of KCAB Bondholders:              John K. Cunningham, Esq.
 3                                     WHITE & CASE, LLP
                                       Wachovia Financial Center
 4                                     200 South Biscayne Boulevard
                                       Suite 4900
 5                                     Miami, Florida 33131

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                               INDEX

2
                                                            Page
3  RULINGS ON OBJECTIONS TO PLAN

4       Objection of J. Anthony Guajardo                     11

5       Objection of Lavern Kelly Lusk                       12

6       Objection of Dana Mehen                              13

7
   RESOLUTION OF OBJECTIONS                                  14
8
   SUMMARY OF PLAN CHANGES                                   21
9

10 OBJECTION OF THE AD HOC COMMITTEE OF KENTON COUNTY BONDHOLDERS

11      Argument by Mr. Huebner                              26

12      Argument by Mr. Cunningham                           63

13      Argument by Mr. Botter                               79

14
   COURT DECISION                                            81
15

16

17 Exhibits                                          Ident.  Evid.

18
   Coleman, Blackstone, and Sullivan Declarations.           22
19

20

21

22

23

24

25

1  plan containing these minor changes, our proposed form of
2  confirmation order, a brief in support of confirmation, a reply
3  to the remaining non-aircraft objections, and while there are
4  no longer anymore, a reply to the remaining aircraft
5  objections.  We also filed the Coleman, Blackstone, and
6  Sullivan declarations.
7           And I should note, before I forget, I would like to
8  move those three declarations into evidence, which I --
9           THE COURT:  Any objection?
10    (No verbal response.)
11          THE COURT:  Received.
12          MR. HUEBNER:  Thank you, Your Honor.
13    (Coleman, Blackstone, and Sullivan Declarations received in
14 evidence.)
15          MR. HUEBNER:  In addition to certain technical and
16 ministerial fixes, we have made the following modifications to
17 the plan -- and I should also confirm on the record that there
18 are no further changes at all to the plan since Monday's black-
19 line was filed.
20          We've removed the prohibition against allowing federal
21 penalty claims.
22          Certain modifications were made to bring the plan up
23 to date with the March 2nd, 2007 modification to the Comair --
24 to the collective bargaining agreement between Comair and the
25 airline pilots in the service of Comair, represented by ALPA.

1  are easier to figure out.  CVG is the official airport code.
2          THE COURT:  I'm greatly relieved.
3      (Laughter.)
4          THE COURT:  Thank you, sir.
5          Mr. Cunningham?
6          MR. CUNNINGHAM:  Thank you, Your Honor.  John
7  Cunningham, of White & Case, on behalf of the Ad Hoc Committee
8  of Kenton County Bondholders.
9          Your Honor, I'm pleased to announce to the Court and
10 to the parties here in the courtroom that I will be mercifully
11 and comparatively brief, compared to what I can only describe
12 as the opening argument of Mr. Huebner on our objection.  I can
13 also report to Your Honor that we have, in fact, filed a notice
14 of appeal with respect to Your Honor's order of yesterday, so
15 jurisdictionally, that is with the District Court, so I will
16 not be trying to rehash any of the arguments that were a part
17 of last week's hearing.
18         THE COURT:  All right.
19         MR. CUNNINGHAM:  That being said, Your Honor, I do
20 have the housekeeping matter, for purposes of the record, on
21 what just gets admitted into evidence.  We are not looking to
22 admit a single piece of evidence other than the binders that we
23 offered into the record at last week's hearing, and I have
24 those binders.  We tried to get Delta to agree to them.  They
25 agreed to them last week.  Again, there are copies of the

1  indenture, the guarantee, the lease, and the like.  There were
2  sixteen exhibits, Your Honor.  I don't know if today they have
3  objection to having it be part of the record today, but I would
4  like to have those be formed as part of the record if the Court
5  takes judicial notice of what was up last week.
6         There were also three deposition transcripts, Your
7  Honor, one of Delta, one of UMB, the indenture trustee, and one
8  of KCAB in which both parties designated with highlights
9  certain portions of that transcript.  It is that same binder
10 with the same highlighted language from both us and them that
11 we would want, again, just to form part of the record of the
12 hearing in connection with our objection.
13         Does Delta have any objection?
14         MR. HUEBNER:  Your Honor, I believe that we and UMB
15 and KCAB expressed a view on this in e-mail exchanges, which is
16 our view is that that was a completely different hearing about
17 completely different things.  In fact, Mr. Cunningham's e-mail
18 asked to consolidate the records of the two hearings, which we
19 think, frankly, is an attempt to suggest to the Court above
20 that, really, this is one big hearing with a shared record and,
21 frankly, a further attempt to disrupt our confirmation.
22         We're not saying the documents that we thought were
23 legally admissible, authentic, appropriate business records,
24 actual copies have become not so since last week.  But I think
25 we, and I believe the other parties, do disagree that we have a

right to take the entire evidentiary record of a different hearing with witnesses and the possibility of witnesses and the like, and just say, that's all also the record of the confirmation hearing. So, you know, I'm not the world's biggest expert on litigation procedure, but it's not at all clear to me why, merely because we did not disagree with their admissibility to a different hearing on which both an order and an opinion has been entered, that he's allowed to -- most of these documents, Your Honor, he never even referred to in last week's hearing. I went -- when he e-mailed me, I didn't just say no. I opened the binder and I read them. And there are things that he never referred to, never in his pleadings, never at the hearing at all. Why the record of this hearing, which again, was requested for the first time I believe yesterday, should now have all his documents from a different hearing added into it, I'm just not sure is procedurally at all appropriate.

MR. CUNNINGHAM: Your Honor, the reason it's relevant is because his argument is that the settlement is incorporated into the plan. And it's kind of a chicken-and-egg problem that I have. I recognize Your Honor signed a settlement order. But if he stands there and says it's now part of the plan, I don't know how for record purposes I can now stand here if that same settlement is not. These are not controversial documents. They didn't object last week. It's just for the record. I

1  don't see any prejudice on their end. And I will be referring,
2  at least to a couple of the statements that were made in the
3  transcript, it will be very short but they are admissions that
4  I think are relevant, Your Honor.
5              THE COURT: Okay. Well, I don't know that it really
6  makes any difference other than to burden the record. On the
7  other hand, I take it that to the extent that you feel that
8  you're aggrieved by the CVG settlement and my order approving
9  it, and that that is a material ground for your opposition, in
10 fact, it's the principal ground for your opposition, I believe,
11 to the plan and to confirmation of the plan, I will deem the
12 same materials to be part of the record for this plan. I think
13 it makes no material difference, but if that -- if you think
14 that's necessary to preserve the record that you wish to make
15 and argue in the Appellate Court, I will grant that.
16             MR. CUNNINGHAM: I appreciate that, Your Honor. Thank
17 you.
18             MR. HUEBNER: Could I just ask, then, that -- we've
19 been clear on the record that we believe that these are
20 separate hearings. But if his entire binder -- and, in fact,
21 we said whatever you want to use, just tell us and I'm sure
22 we'll be fine with it. He decided not to answer any of those
23 e-mails. But if he's going to move his entire binder into the
24 record, then I want the record to be very clear, and we do not
25 agree that it is appropriate, and we believe these hearings

have completely different records, and I think we have no choice since, if we're using last week's stuff, to ask that to the extent relevant, we ask to preserve any of our rights that all our binders from last week be able to be used in the same symmetrical way.

THE COURT: Granted. Granted.

MR. CUNNINGHAM: Of course. No objection.

THE COURT: Okay.

MR. CUNNINGHAM: Your Honor, again, to go briefly, rather than take his points in order, what I did to just expedite things was to take his reply and the headings he used, go to the points, I'll make my points, if Your Honor has questions we can go through it.

The first one was an issue of standing saying I don't have standing to even be here, Your Honor. That argument was basically tied to the guarantee that the trustee had entered into, and the fact that the trustee filed the proof of claim. Your Honor, as I did mention last week, Bankruptcy Rule 3003(c)(5) provides that an indenture trustee file a protected proof of claim on behalf of all bondholders. He's not filing it on his own. He's filing for the benefit of the bondholders. I do believe we are a creditor. I believe we have -- we're a party in interest under Section 1109. We have the right to be heard. Clearly, if the settlement is being incorporated into the plan which is their words in their settlement motion, our