**EXHIBIT A**

Case 1:07-cv-03968-JGK    Document 22-2    Filed 06/29/2007    Page 1 of 17

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
**In re:**                            :
                                      :   **Chapter 11 Case No.**
                                      :
**DELTA AIR LINES, INC., et al.,**    :   **05-17923 (ASH)**
                                      :
                                      :   **(Jointly Administered)**
                        **Debtors.**  :
                                      :
------------------------------------- x

# DEBTORS' JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 450-6539
John Fouhey (JF 9006)
Marshall S. Huebner (MH 7800)
Benjamin S. Kaminetzky (BK 7741)
Timothy Graulich (TG 0046)
Damian S. Schaible (DS 7427)

Attorneys for Debtors
   and Debtors in Possession

Dated:  February 7, 2007

# TABLE OF CONTENTS

**PAGE**

**INTRODUCTION** ............................................................................................................................. 1

## ARTICLE 1
**DEFINITIONS AND RULES OF INTERPRETATION** ......................................................................... 3

    Section 1.1.   Definitions ............................................................................................... 3
    Section 1.2.   Rules of Interpretation ............................................................................ 30
    Section 1.3.   Computation of Time ............................................................................. 30
    Section 1.4.   References to Monetary Figures ............................................................ 30
    Section 1.5.   Exhibits; Schedules; Plan Supplements ................................................ 31

## ARTICLE 2
**PLAN CONSOLIDATIONS** ............................................................................................................ 31

    Section 2.1.   Order Granting Plan Consolidations ..................................................... 31
    Section 2.2.   Delta Plan Consolidation ....................................................................... 31
    Section 2.3.   Comair Plan Consolidation ................................................................... 31
    Section 2.4.   Confirmation in the Event of Partial or No Plan Consolidations .......... 32
    Section 2.5.   Claims Against Multiple Consolidated Debtor Groups ........................ 32
    Section 2.6.   Allocation of Plan Shares ...................................................................... 33
    Section 2.7.   Confirmation in the Event of Rejection of the Plan by One or More Impaired Classes of Claims Against the Comair Debtors ......................... 33

## ARTICLE 3
**TREATMENT OF ADMINISTRATIVE CLAIMS AND PRIORITY TAX CLAIMS** ................................. 34

    Section 3.1.   Treatment of Administrative Claims ..................................................... 34
    Section 3.2.   Treatment of Priority Tax Claims .......................................................... 36

## ARTICLE 4
**CLASSIFICATION AND TREATMENT OF OTHER CLAIMS AND INTERESTS** ................................... 37

    Section 4.1.   Classes .................................................................................................... 37
    Section 4.2.   Treatment of Claims and Interests ......................................................... 42
    Section 4.3.   Treatment of Intercompany Claims ....................................................... 48
    Section 4.4.   Compliance with Laws and Effects on Distributions ........................... 49

## ARTICLE 5
**ACCEPTANCE OR REJECTION OF THE PLAN** .............................................................................. 50

    Section 5.1.   Voting of Claims ................................................................................... 50
    Section 5.2.   Presumed Acceptance of Plan ............................................................... 50
    Section 5.3.   Presumed Rejection of Plan .................................................................. 50

Section 5.4. Acceptance by Impaired Classes ............................................................... 51
Section 5.5. Nonconsensual Confirmation ................................................................... 51

## ARTICLE 6
**IMPLEMENTATION OF THE PLAN** ................................................................................................. 51

Section 6.1. Continued Corporate Existence ................................................................ 51
Section 6.2. Restructuring Transactions ....................................................................... 52
Section 6.3. New Credit Facility ................................................................................... 52
Section 6.4. New Delta ALPA Notes ........................................................................... 53
Section 6.5. PBGC Settlement Agreement; New Delta PBGC Notes ......................... 53
Section 6.6. Cancellation of Old Notes, Old Aircraft Securities and Old Stock .......... 53
Section 6.7. Issuance of New Delta Plan Securities; Execution of Related
            Documents ................................................................................................. 55
Section 6.8. Section 1145 Exemption .......................................................................... 55
Section 6.9. Hart-Scott-Rodino Compliance ................................................................ 55
Section 6.10. Listing ....................................................................................................... 55
Section 6.11. Restrictions on the Transfer of New Delta Common Stock to Protect
             NOLs ......................................................................................................... 55
Section 6.12. Compensation Programs .......................................................................... 56

## ARTICLE 7
**PROVISIONS GOVERNING DISTRIBUTIONS** ................................................................................ 57

Section 7.1. Disbursing Agent ...................................................................................... 57
Section 7.2. Timing and Delivery of Distributions ...................................................... 57
Section 7.3. Manner of Payment under Plan ................................................................ 60
Section 7.4. Undeliverable or Non-Negotiated Distributions ...................................... 62
Section 7.5. Claims Paid or Payable by Third Parties .................................................. 62

## ARTICLE 8
**FILING OF ADMINISTRATIVE CLAIMS** ....................................................................................... 63

Section 8.1. Professional Fee Claims ........................................................................... 63
Section 8.2. Other Administrative Claims ................................................................... 64

## ARTICLE 9
**DISPUTED CLAIMS** ...................................................................................................................... 65

Section 9.1. Objections to Claims ................................................................................ 65
Section 9.2. Resolution of Disputed Claims ................................................................ 66
Section 9.3. Estimation of Claims and Interests .......................................................... 66
Section 9.4. Payments and Distributions with Respect to Disputed Claims ................ 67
Section 9.5. No Amendments to Claims ...................................................................... 69
Section 9.6. No Interest ................................................................................................ 69

## ARTICLE 10
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ............................................................................... 70

    Section 10.1.  Rejection of Executory Contracts and Unexpired Leases ......................... 70
    Section 10.2.  Schedules of Executory Contracts and Unexpired Leases ....................... 70
    Section 10.3.  Categories of Executory Contracts and Unexpired Leases to be
                        Assumed ................................................................................................. 72
    Section 10.4.  Other Categories of Agreements and Policies .......................................... 75
    Section 10.5.  Assumption and Rejection Procedures and Resolution of Treatment
                        Objections .............................................................................................. 77
    Section 10.6.  Rejection Claims ...................................................................................... 79
    Section 10.7.  Assignment .............................................................................................. 79
    Section 10.8.  Approval of Assumption, Rejection, Retention or Assignment of
                        Executory Contracts and Unexpired Leases .......................................... 79
    Section 10.9.  Modifications, Amendments, Supplements, Restatements or Other
                        Agreements ............................................................................................ 80

## ARTICLE 11
**NEW EQUITY INVESTMENT RIGHTS OFFERING** ................................................................................. 80

    Section 11.1.  New Equity Investment Rights Offering ................................................ 80

## ARTICLE 12
**PROVISIONS REGARDING CORPORATE GOVERNANCE OF THE REORGANIZED DEBTORS** ......... 81

    Section 12.1.  Corporate Action ..................................................................................... 81
    Section 12.2.  Certificates of Incorporation and Bylaws ............................................... 81
    Section 12.3.  Directors and Officers of the Reorganized Debtors ................................ 82

## ARTICLE 13
**EFFECT OF CONFIRMATION** ...................................................................................................................... 83

    Section 13.1.  Vesting of Assets ..................................................................................... 83
    Section 13.2.  Releases and Discharges ......................................................................... 83
    Section 13.3.  Discharge and Injunction ........................................................................ 84
    Section 13.4.  Term of Injunction or Stays .................................................................... 85
    Section 13.5.  Exculpation .............................................................................................. 85
    Section 13.6.  Release by the Debtors ........................................................................... 85
    Section 13.7.  Indemnity ................................................................................................. 86
    Section 13.8.  Voluntary Releases by the Holders of Claims and Interests .................. 87
    Section 13.9.  Setoff and Recoupment .......................................................................... 88
    Section 13.10.  Avoidance Actions ................................................................................. 88
    Section 13.11.  Preservation of Causes of Action ............................................................ 88
    Section 13.12.  Compromise and Settlement of Claims and Controversies ..................... 89

## ARTICLE 14
**CONDITIONS PRECEDENT TO CONFIRMATION AND EFFECTIVENESS OF THE PLAN** .................. 89

    Section 14.1. Conditions to Confirmation ........................................................................ 89  
    Section 14.2. Conditions to Effectiveness ........................................................................ 89  
    Section 14.3. Waiver of Conditions to Confirmation or Effectiveness ........................... 90

## ARTICLE 15
**MODIFICATION, REVOCATION OR WITHDRAWAL OF THE PLAN** ................................................ 91

    Section 15.1. Plan Modifications ...................................................................................... 91  
    Section 15.2. Revocation or Withdrawal of the Plan and Effects of Non-Occurrence of Confirmation or Effective Date ............................................................ 91

## ARTICLE 16
**RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT** .................................................. 92

## ARTICLE 17
**MISCELLANEOUS** ................................................................................................................ 94

    Section 17.1. Exemption from Transfer Taxes and Recording Fees ............................... 94  
    Section 17.2. Expedited Tax Determination ................................................................... 94  
    Section 17.3. Payment of Statutory Fees ......................................................................... 94  
    Section 17.4. Dissolution of Committees ........................................................................ 95  
    Section 17.5. Post-Effective Date Committee ................................................................. 95  
    Section 17.6. Plan Supplements ...................................................................................... 98  
    Section 17.7. Claims Against Other Debtors .................................................................. 98  
    Section 17.8. Substantial Consummation ....................................................................... 98  
    Section 17.9. Sections 1125 and 1126 of the Bankruptcy Code .................................... 98  
    Section 17.10. Severability ............................................................................................... 99  
    Section 17.11. Governing Law ......................................................................................... 99  
    Section 17.12. Binding Effect .......................................................................................... 99  
    Section 17.13. Notices ..................................................................................................... 99  
    Section 17.14. Reservation of Rights ............................................................................ 101  
    Section 17.15. Further Assurances ................................................................................ 101  
    Section 17.16. Case Management Order ...................................................................... 101

**Schedules**

| | |
|---|---|
| Schedule 1 | Allowed Old Note Claims |
| Schedule 6.6(a) | Old Aircraft Securities |
| Schedule 6.6(b) | Covered Municipal Bonds |
| Schedule 10.2(a) | Executory Contracts and Unexpired Leases to be Assumed |
| Schedule 10.2(b) | Executory Contracts and Unexpired Leases to be Rejected |
| Schedule 10.2(c) | "Deferred" Executory Contracts and Unexpired Leases Relating to Aircraft Equipment |
| Schedule 10.3(d) | Municipal Bond Agreements to Be Assumed |
| Schedule 10.4(e) | Post-Petition Aircraft Agreements |
| Schedule 13.10 | Retained Avoidance Actions |
| Schedule 13.11 | Certain Retained Causes of Action |

| Class | Designation | Plan Treatment of Allowed Claims | Projected Recovery Under the Plan | Status | Voting Rights |
|---|---|---|---|---|---|
| 3 | Other Secured Claims against the Comair Debtors | Payment in full in Cash; Reinstatement of the legal, equitable and contractual rights of the holder of such Claim; payment of the proceeds of the sale or disposition of the Collateral securing such Claim to the extent of the value of the holder's secured interest in such Collateral; return of Collateral securing such Claim; or other treatment that will render the Claim Unimpaired. | 100% | Unimpaired | Deemed to Accept |
| 4 | General Unsecured Claims against the Comair Debtors | New Delta Common Stock equal to pro rata share of Comair Unsecured Allocation. | 76-100%[‡] | Impaired | Entitled to Vote |
| 5 | Convenience Class Claims against the Comair Debtors | Cash determined with reference to the midpoint of the range of recovery estimates for General Unsecured Claims against the Comair Debtors set forth in the Disclosure Statement. | 76-100%[‡] | Impaired | Entitled to Vote |

---

[‡] The projected recovery ranges listed herein for Comair Class 4 and Comair Class 5 are estimates that are derived from the Financial Projections and other assumptions, including an estimated $800 million of Unsecured Claims against the Comair Debtors, as more fully described in Section 6.3(b) of the Disclosure Statement and Appendix B attached thereto. The projected recoveries are based, in part, on the Debtors' current expectations regarding lease rejections and Claims arising therefrom and are consistent with the assumptions in the business plans underlying the Financial Projections in Appendix D attached to the Disclosure Statement. Actual recoveries may be different than projected recoveries based upon, among other things, (x) the market price of the shares of New Delta Common Stock, (y) the dilutive or accretive effects of the issuance of shares of New Delta Common Stock by Reorganized Delta from time to time (including the dilutive effects of future issuances under the Compensation Programs) and (z) the actual amount of Allowed Claims against the Comair Debtors as the Debtors' Claims objection and reconciliation process continues. As described elsewhere in this Plan and the Disclosure Statement, recoveries by holders of Unsecured Claims (other than Convenience Class Claims) against the Comair Debtors will be effectuated solely by distribution of shares of New Delta Common Stock from the Comair Unsecured Allocation; the Valuation Analyses upon which these projected recoveries are based are used to determine the number of Plan Shares included in the Comair Unsecured Allocation, as more fully described in Section 5.2(f) of the Disclosure Statement.

| Class | Designation | Plan Treatment of Allowed Claims | Projected Recovery Under the Plan | Status | Voting Rights |
|---|---|---|---|---|---|
| 6 | Interests in the Comair Debtors | Reinstatement of Interests. | Retained | Unimpaired | Deemed to Accept |
| 7 | Securities Litigation Claims against the Comair Debtors | No distribution. | 0% | Impaired | Deemed to Reject |

Section 4.2.    Treatment of Claims and Interests

(a)    **Delta Class 1 (Other Priority Claims against the Delta Debtors)**

Except to the extent that the Delta Debtors and a holder of an Allowed Other Priority Claim against the Delta Debtors have agreed to a different treatment of such Claim, each such holder shall receive, in full satisfaction, settlement, release and discharge of and in exchange for such Claim, Cash in an amount equal to the Allowed amount of such Claim, or treatment in any other manner so that such Claim shall otherwise be rendered Unimpaired, on or as soon as reasonably practicable after the first Distribution Date occurring after the latest of (i) the Effective Date, (ii) the date at least 20 calendar days after the date such Claim becomes Allowed and (iii) the date for payment provided by any agreement between the applicable Delta Debtor and the holder of such Claim.

(b)    **Delta Class 2 (Secured Aircraft Claims against the Delta Debtors)**

Except to the extent that the Delta Debtors and a holder of an Allowed Secured Aircraft Claim against any of the Delta Debtors agree to a different treatment (including, without limitation, pursuant to a Post-Petition Aircraft Agreement), in which case such holder shall be treated in a manner consistent with such agreement, each holder of an Allowed Secured Aircraft Claim against any of the Delta Debtors shall receive, at the election of the Delta Debtors, after approval by the Creditors' Committee or the Post-Effective Date Committee (as applicable), which approval shall not unreasonably be withheld, and in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Secured Aircraft Claim, one of the following treatments: (i) payment in Cash in the amount of the Allowed Secured Aircraft Claim, (ii) the legal, equitable and contractual rights of the holder with respect to such Allowed Secured Aircraft Claim shall be Reinstated, (iii) a distribution of the proceeds of the sale or disposition of the Collateral securing such Allowed Secured Aircraft Claim to the extent of the value of the holder's secured interest in such Collateral, (iv) a distribution of the Collateral securing such Allowed Secured Aircraft Claim or (v) such other distribution as necessary to satisfy the requirements of section 1124 of the Bankruptcy Code. In the event the Delta Debtors satisfy a

Secured Aircraft Claim under clause (i), (iii), (iv) or (v) above, the Liens securing such Secured Claim shall be deemed released without further action by any party.

Any distributions made pursuant to this Section 4.2(b) shall be made on or as soon as reasonably practicable after the first Distribution Date occurring after the latest of (i) the Effective Date, (ii) the date at least 20 calendar days after the date such Claim becomes Allowed and (iii) the date for payment provided by any agreement between the applicable Delta Debtor and the holder of such Claim.

For convenience of identification, the Plan classifies the Allowed Claims in Delta Class 2 (Secured Aircraft Claims against the Delta Debtors) as a single Class.  This Class is actually a group of subclasses, depending on the Collateral securing each such Allowed Claim.

(c)    **Delta Class 3 (Other Secured Claims against the Delta Debtors)**

Except to the extent that the Delta Debtors and a holder of an Allowed Other Secured Claim against any of the Delta Debtors agree to a different treatment, each holder of an Allowed Other Secured Claim against any of the Delta Debtors shall receive, at the sole option of the Delta Debtors and in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Other Secured Claim, one of the following treatments:  (i) payment in Cash in the amount of such Allowed Other Secured Claim, (ii) the legal, equitable and contractual rights of the holder with respect to such Allowed Other Secured Claim shall be Reinstated, (iii) a distribution of the proceeds of the sale or disposition of the Collateral securing such Allowed Other Secured Claim to the extent of the value of the holder's secured interest in such Collateral, (iv) a distribution of the Collateral securing such Allowed Other Secured Claim without representation or warranty by or recourse against the Debtors or Reorganized Debtors or (v) such other distribution as necessary to satisfy the requirements of section 1124 of the Bankruptcy Code.  In the event that the Delta Debtors satisfy an Other Secured Claim under clause (i), (iii), (iv) or (v) above, the Liens securing such Other Secured Claim shall be deemed released without further action by any party.

Any distributions made pursuant to this Section 4.2(c) shall be made on or as soon as reasonably practicable after the first Distribution Date occurring after the latest of (i) the Effective Date, (ii) the date at least 20 calendar days after the date such Claim becomes Allowed and (iii) the date for payment provided by any agreement between the applicable Delta Debtor and the holder of such Claim.

For convenience of identification, the Plan classifies the Allowed Claims in Delta Class 3 (Other Secured Claims against the Delta Debtors) as a single Class.  This Class is actually a group of subclasses, depending on the Collateral securing each such Allowed Claim.

(d)    **Delta Class 4 (General Unsecured Claims against the Delta Debtors)**

Except to the extent that the Delta Debtors and a holder of an Allowed General Unsecured Claim against any of the Delta Debtors agree to a different treatment (including, without limitation, pursuant to a Post-Petition Aircraft Agreement), each holder of an Allowed

43

General Unsecured Claim against any of the Delta Debtors (including the holders of the ALPA Claim and the PBGC Claim) shall receive from Reorganized Delta, on or as soon as reasonably practicable after the later of (i) the Initial Distribution Date (for Claims Allowed as of the Effective Date) and (ii) the Distribution Date that is at least 20 calendar days after such General Unsecured Claim becomes an Allowed General Unsecured Claim, its Delta Initial Pro Rata Share of the Delta Unsecured Allocation based on such Claim.

If any shares of New Delta Common Stock remain in the Delta Disputed Claims Reserve after all Delta Disputed Claims have become either Allowed Claims or Disallowed Claims and all distributions required pursuant to Section 9.4(c) of this Plan have been made, the Disbursing Agent shall, at the direction of Reorganized Delta, either effect a final distribution of or effect the orderly sale of such shares as set forth in Section 9.4(b)(i) of this Plan, so that each holder of an Allowed Delta General Unsecured Claim shall receive its Delta Final Pro Rata Share of those shares allocable to such Claim (or the actual Cash proceeds in lieu thereof, in the event of a sale) on or as soon as reasonably practicable after the Delta Final Distribution Date. Such final distribution, if any, together with the initial distribution set forth in the previous paragraph, shall be in full satisfaction, release and discharge of and in exchange for each Allowed General Unsecured Claim against any of the Delta Debtors.

(e) **Delta Class 5 (Non-Convenience Class Retiree Claims against Delta)**

Except to the extent that the Delta Debtors and a holder of an Allowed Non-Convenience Class Retiree Claim against Delta agree to a different treatment, each holder of an Allowed Non-Convenience Class Retiree Claim against Delta shall receive from Reorganized Delta, on or as soon as reasonably practicable after the later of (i) the Initial Distribution Date (for Claims Allowed as of the Effective Date) and (ii) the Distribution Date that is at least 20 calendar days after such Non-Convenience Class Retiree Claim becomes an Allowed Non-Convenience Class Retiree Claim, its Delta Initial Pro Rata Share of the Delta Unsecured Allocation based on such Claim[3]; *provided* that such holder may request on its Ballot to instead have such New Delta Common Stock sold through Reorganized Delta's use of its commercially reasonable efforts and, if such sale is effected, receive the appropriate amount of Cash proceeds of the sale in lieu of the foregoing distribution as soon as reasonably practicable after the completion of such sale; *provided further* that in certain circumstances and pursuant to the last paragraph of Section 4.4 of this Plan, Delta may determine not to effectuate any such sales and instead distribute shares to all holders of Allowed Non-Convenience Class Retiree Claims.

If any shares of New Delta Common Stock remain in the Delta Disputed Claims Reserve after all Delta Disputed Claims have become either Allowed Claims or Disallowed Claims and all distributions required pursuant to Section 9.4(c) of this Plan have been made, the Disbursing

---

[3] In order to satisfy tax withholding obligations, the Reorganized Debtors will need to sell a portion of the New Delta Common Stock that would otherwise be issued to (or sold for) those retirees and employees who will received New Delta Common Stock under the Plan. Accordingly, the actual number of shares (or amount of Cash) distributed to retirees and employees will be reduced. See Section 4.4 of this Plan for more information.

Agent shall, at the direction of Reorganized Delta, either effect a final distribution of or effect the orderly sale of such shares as set forth in Section 9.4(b)(i) of this Plan, so that the holder of an Allowed Non-Convenience Class Retiree Claim shall receive its Delta Final Pro Rata Share of those shares allocable to such Claim (or the appropriate Cash proceeds in lieu thereof, in the event of a sale) on or as soon as reasonably practicable after the Delta Final Distribution Date; *provided* that those holders that requested to receive Cash in lieu of shares shall receive any final distribution in Cash if Reorganized Delta is able through commercially reasonable efforts to sell, on such holder's behalf, the shares to which the holder would otherwise be entitled.  Such final distribution, if any, together with the initial distribution set forth in the previous paragraph, shall be in full satisfaction, release and discharge of and in exchange for each Allowed Non-Convenience Class Retiree Claim against Delta.

(f)    **Delta Class 6 (Convenience Class Claims against the Delta Debtors)**

Except to the extent that the Delta Debtors and a holder of an Allowed Convenience Class Claim against any of the Delta Debtors agree to a different treatment, each holder of an Allowed Convenience Class Claim against any of the Delta Debtors shall receive from Reorganized Delta, on or as soon as reasonably practicable after the later of (i) the Initial Distribution Date (for Claims Allowed as of the Effective Date) and (ii) the Distribution Date that is at least 20 calendar days after such Convenience Class Claim becomes an Allowed Convenience Class Claim, in full satisfaction, release and discharge of and in exchange for such Claim, the Delta Convenience Class Distribution based on such Claim.

(g)    **Delta Class 7a (Interests in Delta)**

The holders of Interests in Delta shall neither receive any distributions nor retain any property on account thereof pursuant to the Plan.  All Interests in Delta shall be cancelled and extinguished.

(h)    **Delta Class 7b (Interests in the Delta Subsidiary Debtors)**

Subject to the Roll-Up Transactions that may be effectuated pursuant to Section 6.2 hereof, the Interests in the Delta Subsidiary Debtors shall not be cancelled, but shall be Reinstated for the benefit of the respective Reorganized Debtor[4] that is the holder thereof.  The Interests in each Delta Subsidiary Debtor shall be Reinstated for the ultimate benefit of Reorganized Delta, in exchange for the agreement of Reorganized Delta to make distributions under the Plan to Creditors of the Delta Subsidiary Debtors and to use certain funds and assets, to the extent authorized in this Plan, to satisfy certain obligations of the Delta Subsidiary Debtors, including, without limitation, those owed to PBGC.

---

[4] Aon Group, Inc.'s minority interest in Delta Benefits Management will also be Reinstated.

(i) **Delta Class 8 (Securities Litigation Claims against the Delta Debtors)**

The holders of Securities Litigation Claims against the Delta Debtors shall not receive any distributions nor retain any property on account thereof pursuant to the Plan. The treatment of Securities Litigation Claims under this Plan is in accordance with, and gives effect to, section 510(b) of the Bankruptcy Code.

(j) **Comair Class 1 (Other Priority Claims against the Comair Debtors)**

Except to the extent that the Comair Debtors and a holder of an Allowed Other Priority Claim against the Comair Debtors have agreed to a different treatment of such Claim, each such holder shall receive, in full satisfaction, settlement, release and discharge of and in exchange for such Claim, Cash in an amount equal to the Allowed amount of such Claim, or treatment in any other manner so that such Claim shall otherwise be rendered Unimpaired, on or as soon as reasonably practicable after the first Distribution Date occurring after the latest of (i) the Effective Date, (ii) the date at least 20 calendar days after the date such Claim becomes Allowed and (iii) the date for payment provided by any agreement between the applicable Comair Debtor or Comair Debtors and the holder of such Claim.

(k) **Comair Class 2 (Secured Aircraft Claims against the Comair Debtors)**

Except to the extent that the Comair Debtors and a holder of an Allowed Secured Aircraft Claim against any of the Comair Debtors agree to a different treatment (including, without limitation, pursuant to a Post-Petition Aircraft Agreement), in which case such holder shall be treated in a manner consistent with such agreement, each holder of an Allowed Secured Aircraft Claim against any of the Comair Debtors shall receive, at the election of the Comair Debtors, after approval by the Creditors' Committee or the Post-Effective Date Committee (as applicable), which approval shall not unreasonably be withheld, and in full satisfaction, settlement, release and discharge of and, in exchange for such Allowed Secured Aircraft Claim, one of the following treatments: (i) payment in Cash in the amount of such Allowed Secured Aircraft Claim, (ii) the legal, equitable and contractual rights of the holder with respect to such Allowed Secured Aircraft Claim shall be Reinstated, (iii) the proceeds of the sale or disposition of the Collateral securing such Allowed Secured Aircraft Claim to the extent of the value of the holder's secured interest in such Collateral, (iv) the Collateral securing such Allowed Secured Aircraft Claim or (v) such other distribution as necessary to satisfy the requirements of section 1124 of the Bankruptcy Code. In the event the Comair Debtors satisfy a Secured Aircraft Claim under clause (i), (iii), (iv) or (v) above, the Liens securing such Secured Aircraft Claim shall be deemed released.

Any distributions made pursuant to this Section 4.2(k) shall be made on or as soon as reasonably practicable after the first Distribution Date occurring after the latest of (i) the Effective Date, (ii) the date at least 20 calendar days after the date such Claim becomes Allowed and (iii) the date for payment provided by any agreement between the applicable Comair Debtor and the holder of such Claim.

For convenience of identification, the Plan classifies the Allowed Claims in Comair Class 2 (Secured Aircraft Claims against the Comair Debtors) as a single Class. This Class is actually a group of subclasses, depending on the Collateral securing each such Allowed Claim.

(l) **Comair Class 3 (Other Secured Claims against the Comair Debtors)**

Except to the extent that the Comair Debtors and a holder of an Allowed Other Secured Claim against any of the Comair Debtors agree to a different treatment, each holder of an Allowed Other Secured Claim against any of the Comair Debtors shall receive, at the sole option of the Comair Debtors and in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Other Secured Claim, one of the following treatments: (i) payment in Cash in the amount of such Allowed Other Secured Claim, (ii) the legal, equitable, and contractual rights of the holder with respect to such Allowed Other Secured Claim shall be Reinstated, (iii) the proceeds of the sale or disposition of the Collateral securing such Allowed Other Secured Claim to the extent of the value of the holder's secured interest in such Collateral, (iv) the Collateral securing such Allowed Other Secured Claim without representation or warranty by or recourse against the Debtors or Reorganized Debtors or (v) such other distribution as necessary to satisfy the requirements of section 1124 of the Bankruptcy Code. In the event that the Comair Debtors satisfy an Other Secured Claim under clause (i), (iii), (iv) or (v) above, the Liens securing such Other Secured Claim shall be deemed released.

Any distributions made pursuant to this Section 4.2(l) shall be made on or as soon as reasonably practicable after the first Distribution Date occurring after the latest of (i) the Effective Date, (ii) the date at least 20 calendar days after the date such Claim becomes Allowed and (iii) the date for payment provided by any agreement between the applicable Comair Debtor and the holder of such Claim.

For convenience of identification, the Plan classifies the Allowed Claims in Comair Class 3 (Other Secured Claims against the Comair Debtors) as a single Class. This Class is actually a group of subclasses, depending on the Collateral securing each such Allowed Claim.

(m) **Comair Class 4 (General Unsecured Claims against the Comair Debtors)**

Except to the extent that the Comair Debtors and a holder of an Allowed General Unsecured Claim against any of the Comair Debtors agree to a different treatment (including, without limitation, pursuant to a Post-Petition Aircraft Agreement or pursuant to an individual settlement agreement), each holder of an Allowed General Unsecured Claim against any of the Comair Debtors shall receive from Reorganized Delta, on or as soon as reasonably practicable after the later of (i) the Initial Distribution Date (for Claims Allowed as of the Effective Date) and (ii) the Distribution Date that is at least 20 calendar days after such General Unsecured Claim becomes an Allowed General Unsecured Claim, its Comair Initial Pro Rata Share of the Comair Unsecured Allocation based on such Claim.

If any shares of New Delta Common Stock remain in the Comair Disputed Claims Reserve after all Comair Disputed Claims have become either Allowed Claims or Disallowed Claims and all distributions required pursuant to Section 9.4(c) of this Plan have been made, the

Disbursing Agent shall, at the direction of Reorganized Delta, either effect a final distribution of or effect the orderly sale of such shares as set forth in Section 9.4(b)(ii) of this Plan, so that each holder of an Allowed Comair General Unsecured Claim shall receive its Comair Final Pro Rata Share of those shares allocable to such Claim (or the actual Cash proceeds in lieu thereof, in the event of a sale) on or as soon as reasonably practicable after the Comair Final Distribution Date. Such final distribution, if any, together with the initial distribution set forth in the previous paragraph, shall be in full satisfaction, release and discharge of and in exchange for each Allowed General Unsecured Claim against any of the Comair Debtors.

(n) **Comair Class 5 (Convenience Class Claims against the Comair Debtors)**

Except to the extent that the Comair Debtors and a holder of an Allowed Convenience Class Claim against any of the Comair Debtors agree to a different treatment, each holder of an Allowed Convenience Class Claim against any of the Comair Debtors shall receive from Reorganized Delta, on or as soon as reasonably practicable after the later of (i) the Initial Distribution Date (for Claims Allowed as of the Effective Date) and (ii) the Distribution Date that is at least 20 calendar days after such Convenience Class Claim becomes an Allowed Convenience Class Claim, in full satisfaction, release and discharge of and in exchange for such Claim, the Comair Convenience Class Distribution based on such Claim.

(o) **Comair Class 6 (Interests in the Comair Debtors)**

Subject to the Roll-Up Transactions that may be effectuated pursuant to Section 6.2 hereof, the Interests in the Comair Debtors shall not be cancelled, but shall be Reinstated for the benefit of the respective Reorganized Debtor that is the holder thereof. The Interests in each Comair Debtor shall be Reinstated for the ultimate benefit of Reorganized Delta, in exchange for the agreement of Reorganized Delta to make distributions under the Plan to Creditors of the Comair Debtors and to use certain funds and assets, to the extent authorized in this Plan, to satisfy certain obligations of the Comair Debtors, including, without limitation, those owed to PBGC.

(p) **Comair Class 7 (Securities Litigation Claims against the Comair Debtors)**

The holders of Securities Litigation Claims against the Comair Debtors shall not receive any distributions nor retain any property on account thereof pursuant to the Plan. The treatment of Securities Litigation Claims under this Plan is in accordance with and gives effect to the provisions of section 510(b) of the Bankruptcy Code.

Section 4.3. **Treatment of Intercompany Claims**

(a) Subject to Section 4.3(b), in accordance with and giving effect to the provisions of section 1124(1) of the Bankruptcy Code, Intercompany Claims are Unimpaired by the Plan. However, the Debtors, in their sole discretion, retain the right to eliminate or adjust any Intercompany Claims as of the Effective Date by offset, cancellation, contribution or otherwise.

 (b) Intercompany Claims between the Comair Debtors and the Delta Debtors (other than trade payables and receivables and other current accounts, which will continue to be settled in the ordinary course consistent with past practice) will (i) for purposes of the Valuation Analyses and the division of the Plan Shares between the Delta Allocation and the Comair Allocation, receive the same treatment and recovery as similar third-party Claims (as more fully described in Appendix B to the Disclosure Statement) and (ii) vote in Delta Class 4 pursuant to section 1126(a) of the Bankruptcy Code, in each case regardless of any treatment of or action taken with respect to such Intercompany Claims for any other purpose, as contemplated by the last sentence of Section 4.3(a).

 **Section 4.4.** **Compliance with Laws and Effects on Distributions**

In connection with the consummation of the Plan, the Reorganized Debtors will comply with all withholding and reporting requirements imposed by federal, state, local or foreign taxing authorities, and all distributions hereunder, whether in Cash, New Delta Common Stock or other property, will be subject to applicable withholding and reporting requirements.

In order to satisfy withholding tax obligations, the Reorganized Debtors will need to sell a portion of the New Delta Common Stock that would otherwise be issued to those employees and retirees of the Reorganized Debtors who will receive New Delta Common Stock under the Plan (those with Allowed Claims in Delta Class 4 or Comair Class 4 and those with Allowed Claims in Delta Class 5 who elect to receive New Delta Common Stock). The Reorganized Debtors will need to withhold and remit to tax authorities a portion of the Cash proceeds to satisfy withholding tax obligations for employees and retirees of the Reorganized Debtors with Allowed Claims in Delta Class 5 who request to have their shares of New Delta Common Stock sold (assuming Delta is able to effectuate such sale, as set forth herein). In order to satisfy withholding tax obligations, the Reorganized Debtors will also need to withhold and remit to tax authorities a portion of the Cash that would otherwise be disbursed to certain employees and retirees with Allowed Claims in Delta Class 6 or Comair Class 5.

All sales of New Delta Common Stock under the Plan, including those contemplated by the preceding paragraph, will be effected only in a manner complying with applicable securities laws. The structure and timing of such transactions may result in delays in effecting distributions to employees and retirees of the Reorganized Debtors (including distribution of the portion of the shares of New Delta Common Stock allocable to an Allowed Claim not required to be sold to satisfy withholding tax obligations). Depending on the aggregate number of shares of New Delta Common Stock to be sold as contemplated above and the manner of making such sales, as well as contemporaneous sales of New Delta Common Stock by other holders of Allowed Claims and other market conditions, among other factors, it may not be possible to effect such transactions other than at a significant discount to then-current market prices.

In the case of individuals with Allowed Claims in Delta Class 5 who have requested to have their shares of New Delta Common Stock sold as contemplated in Section 4.2(e), Delta reserves the right to determine, after consultation with the Creditors' Committee, that the

aggregate additional number of shares to be sold resulting from such elections cannot be sold through commercially reasonable efforts in an efficient and expeditious manner, or that the discount to anticipated market prices that would be required would be excessive, in which case each such holder, notwithstanding such election, would receive its Delta Initial Pro Rata Share of the Delta Unsecured Allocation based on such Claim (subject to applicable withholding). Delta will file a notice on or prior to the Effective Date disclosing whether it has made such determination.

**ARTICLE 5**
**ACCEPTANCE OR REJECTION OF THE PLAN**

**Section 5.1.     Voting of Claims**

Each holder of a Claim in an Impaired Class as of the Voting Record Date that is entitled to vote on the Plan pursuant to Article 4 of the Plan shall be entitled to vote to accept or reject the Plan as provided in the Approval Order or any other order of the Bankruptcy Court.

In the event the Bankruptcy Court does not approve the Delta Plan Consolidation and/or the Comair Plan Consolidation, after the Debtors have obtained the consent of the Creditors' Committee for any material changes to the Plan listed in clauses (i) through (iv) of Section 2.4(a): (a) the Debtors shall not, and shall not be required to, re-solicit any votes with respect to the Plan, (b) the vote by a holder of a Claim shall be counted as a vote in a single, respective, separate Class with respect to the appropriate Sub-plan and (c) the vote by a holder of a Claim to accept or reject the Plan shall be deemed as the vote of the holder of such Claim to accept or reject the Sub-plan, as the case may be, in the single, respective, separate Class with respect to the appropriate Sub-plan.

**Section 5.2.     Presumed Acceptance of Plan**

Delta Class 1 (Other Priority Claims against the Delta Debtors), Delta Class 2 (Secured Aircraft Claims against the Delta Debtors), Delta Class 3 (Other Secured Claims against the Delta Debtors), Delta Class 7b (Interests in the Delta Subsidiary Debtors), Comair Class 1 (Other Priority Claims against the Comair Debtors), Comair Class 2 (Secured Aircraft Claims against the Comair Debtors), Comair Class 3 (Other Secured Claims against the Comair Debtors) and Comair Class 6 (Interests in the Comair Debtors) are Unimpaired by the Plan. Pursuant to section 1126(f) of the Bankruptcy Code, the holders of Claims in such Classes are conclusively presumed to have accepted the Plan and the votes of such holders will not be solicited.

**Section 5.3.     Presumed Rejection of Plan**

Delta Class 7a (Interests in Delta), Delta Class 8 (Securities Litigation Claims against the Delta Debtors) and Comair Class 7 (Securities Litigation Claims against the Comair Debtors) shall not receive any distribution under the Plan on account of such Claims or Interests. Pursuant to section 1126(g) of the Bankruptcy Code, the holders of Claims and Interests in such Classes