WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
J. Christopher Shore (JCS 6031)

Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone:  (305) 371-2700
Facsimile:  (305) 358-5744
Thomas E Lauria (admitted *pro hac vice*)
John K. Cunningham (JC 4661)

ATTORNEYS FOR THE AD HOC COMMITTEE
OF KENTON COUNTY BONDHOLDERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DELTA AIR LINES, INC., et al., | Case No. 05-17923 (ASH) |
| Debtors. | Jointly Administered |
| KENTON COUNTY BONDHOLDERS COMMITTEE, | |
| Appellants. | 07 Civ. 03968 (JGK) |
| v. | |
| DELTA AIR LINES, INC., et al., | |
| Appellees. | |

**STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL**
**OF THE AD HOC COMMITTEE OF KENTON COUNTY BONDHOLDERS**
**FROM ORDER ENTERED BY THE DISTRICT COURT ON**
**AUGUST 27, 2007 [CIV. DOCKET NO. 25]**

MIAMI 741411 (2K)

The Ad Hoc Committee of Kenton County Bondholders (the "Kenton County Bondholders Committee"), as holders (or investment advisors to holders) (collectively, the "Bondholders") of the $419,000,000 Kenton County Airport Board, Special Facilities Revenue Bonds, 1992 Series A (Delta Air Lines, Inc. Project) and the $19,000,000 Kenton County Airport Board, Special Facilities Revenue Bonds, 1992 Series B (Delta Air Lines, Inc. Project) (collectively, the "Bonds") issued pursuant to that certain trust indenture dated February 1, 1992 (the "Trust Indenture"), between Kenton County Airport Board, as issuer ("KCAB" or the "Issuer"), and Star Bank, N.A., as trustee (the "Trustee"),[1] and guaranteed by Delta Air Lines, Inc. ("Delta," and together with its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases, the "Debtors") pursuant to that certain guaranty dated February 1, 1992 (the "Guaranty"), by and through its undersigned attorneys, pursuant to Rules 3, 4, and 6 of the Federal Rules of Appellate Procedure, hereby submits its statement of the issues to be presented and designates the record on appeal to the United States Court of Appeals for the Second Circuit with respect to the appeal of the order and opinion of the United States District Court for the Southern District of New York, dated August 27, 2007 [Civ. Docket No. 25],[2] affirming the order of the Bankruptcy Court of the Southern District of New York [Docket No. 5916] (the "Bankruptcy Court Order") granting the Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement (the "Settlement Agreement"); (II) Approving the Rejection of Certain Agreements; and (III) Authorizing the Entry into Certain New Agreements [Docket No. 5050].

---

[1]     UMB Bank, N.A. ("UMB") is successor trustee to Star Bank, N.A.  Except as otherwise indicated, all references to the Trustee herein shall mean UMB.

MIAMI 741411 (2K)

## Issues to be Presented on Appeal

1.    Did the District Court err as a matter of law in interpreting the relevant Trust Indenture:

a.    as granting the Trustee an implied right to settle Appellants' claims for principal and interest owing from the Issuer under the Trust Indenture and the Bonds without the consent of Appellants, despite express language in the Trust Indenture providing that "notwithstanding any other provision" of the Trust Indenture the Trustee could not compromise Appellants' right to principal and interest without their consent; and

b.    as permitting the Issuer to pay Appellants less than the full amounts owing under the Trust Indenture and the Bonds and still to retain all rights to future proceeds from the "reletting" of the premises, which generated revenues to support payment of principal and interest owing under the Trust Indenture and the Bonds, all despite express language to the contrary in the Trust Indenture and those supporting agreements as to which the Appellants were express third-party beneficiaries?

2.    Did the District Court err as a matter of law in concluding that Appellants' failure to obtain payment of all principal and interest owing under the Trust Indenture and Bonds was not the direct and proximate result of the Settlement Agreement between the Trustee and the Issuer whereby the Trustee agreed with the tenant to less than payment in full, purportedly on behalf of Appellants?

3.    Did the District Court err as a matter of law in concluding that the Bankruptcy Court had the statutory jurisdiction and power to approve all aspects of the Settlement Agreement before it despite:

---

[2]    A true and correct copy of the District Court Order is attached hereto as Exhibit "A".

3

a.    the absence of any statutory authority for granting the third-party releases contained therein;

b.    the absence of any statutory authority for granting the permanent anti-suit injunction contained therein;

c.    the absence of a sufficient "nexus" to the bankruptcy proceedings of the Issuer's tenant to provide the Bankruptcy Court with subject matter jurisdiction to grant third-party releases or the injunction; and

d.    the absence of any pleading or process that invoked the power or jurisdiction of the Bankruptcy Court to make factual findings as to which there were material disputes between Appellants and Appellees?

4.    Did the District Court err in concluding that the relief requested by the Appellants was equitably moot despite:

a.    the absence of any statutory authority permitting the District Court to make such a finding;

b.    the diligent efforts of Appellants to stay the closing of the transactions that formed the basis for the District Court's findings of mootness;

c.    the Appellees' private agreement to a transactional structure that, in effect, made a finding of equitable mootness and the dismissal of the appeal a condition to the closing of the transaction; and

d.    the fact that each of the facts and factors upon which the District Court based its finding of mootness was in the exclusive control of Appellees, including their decision to close the subject transaction in the face of an expedited appeal?

4

## Designation of Items to Be Included in the Record on Appeal[3]

1.      Clerk's Judgment [Civ. Docket No. 26].

2.      Opinion and Order #95114, dated August 27, 2007 [Civ. Docket No. 25].[4]

3.      Transcript of Proceedings Held on July 27, 2007 [Civ. Docket No. 24].[5]

4.      Appellant's Reply Brief, dated June 29, 2007 [Civ. Docket No. 22].

5.      Stipulation and Order Regarding Appeals [Civ. Docket No. 21].

6.      Order by Judge Koeltl Directing Clerk to Docket Attached Stipulation and Order Regarding Appeals, dated June 26, 2007 [Civ. Docket No. 20].

7.      Declaration of James I. McClammy in Support of Brief of Appellee Delta Airlines, Inc. in Support of the Bankruptcy Court's April 24, 2007 Order Approving the Settlement Agreement [Civ. Docket No. 17].

8.      Affidavit of Billy W. Williams in Support of Opposition Brief of Appellee Delta Airlines, Inc. [Civ. Docket No. 16].

9.      Motion for Leave to File Brief of American Bankers Association as *Amicus Curiae* in Support of Appellee UMB Bank, N.A. as Successor Indenture Trustee [Civ. Docket No. 15].

10.      Brief of Appellee Delta Airlines, Inc. in Support of the Bankruptcy Court's April 24, 2007 Order Approving the Settlement Agreement [Civ. Docket No. 14].

11.      Joinder of the Post-Effective Date Committee, as Successor to the Official Committee of Unsecured Creditors, to the Opposition Briefs of Appellees Delta Air Lines, Inc.,

---

[3]      Each designated item includes any exhibits to such item.  Each reference to "Civ. Docket No." or "Docket No.___" includes all documents within that Docket number.

[4]      *See supra* note 2.

[5]      An official copy of this transcript will be filed separately with the Court.

Kenton County Airport Board, and UMB Bank, N.A. as Indenture Trustee, in Support of the Bankruptcy Court's April 24, 2007 Order Approving the Settlement Agreement [Civ. Docket No. 13].

12.     Opposition Brief of Appellee UMB Bank, N.A. as Successor Indenture Trustee [Civ. Docket No. 10].

13.     Opposition Brief of Appellee Kenton County Airport Board in Support of the Bankruptcy Court's Order Approving the Settlement Agreement [Civ. Docket No. 8].

14.     Opening Brief of Appellants, dated May 30, 2007, originally filed on "M-47" Docket.[6]

15.     Notice of Case Reassignment to Judge Koeltl [Civ. Docket No. 6].

16.     Order to Advise the Court Regarding Stipulation, dated June 11, 2007 [Civ. Docket No. 5].

17.     Counterdesignation (Appellee) of Record on Appeal from Order Entered by the Bankruptcy Court on April 24, 2007 on Behalf of Debtors, Kenton County Airport Board, UMB Bank, N.A. as Indenture Trustee, and the Post-Effective Committee of Unsecured Creditors [Civ. Docket No. 4].

18.     Amended Statement of Issues and Designation of Bankruptcy Record on Appeal of the Kenton County Bondholders Committee from Order Entered by the Bankruptcy Court on April 24, 2007 [Civ. Docket No. 3].

19.     Statement of Issues and Designation of Bankruptcy Record on Appeal of the Kenton County Bondholders Committee from Order Entered by the Bankruptcy Court on April 24, 2007 [Civ. Docket No. 2].

---

[6]     A true and correct copy of the Opening Brief of Appellants is attached hereto as Exhibit "B".

20.     Notice of Appeal from the Bankruptcy Court to the Southern District of New York filed by Appellant Kenton County Bondholders Committee [Civ. Docket No. 1].

21.     Bankruptcy Court Order [Docket No. 5916].

22.     Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving the Rejection of Certain Agreements; and (III) Authorizing the Entry Into Certain New Agreements, dated March 8, 2007 [Docket No. 5050].

23.     Preliminary Objection of the Ad Hoc Committee of Kenton County Bondholders to the Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving the Rejection of Certain Agreements; and (III) Authorizing the Entry Into Certain New Agreements, dated March 13, 2007 [Docket No. 5196].

24.     Supplemental Objection of the Ad Hoc Committee of Kenton County Bondholders to the Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving the Rejection of Certain Agreements; and (III) Authorizing the Entry Into Certain New  Agreements, dated April 13, 2007 [Docket No. 5710].

25.     Reply and Opposition of the Kenton County Airport Board to the Preliminary [Docket No. 5196] and Supplemental [Docket No. 5710] Objections of the Ad Hoc Committee of Kenton County Bondholders to the Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving the Rejection of Certain Agreements; and (III)

Authorizing the Entry Into Certain New Agreements [Docket No. 5050], dated April 17, 2007 [Docket No. 5750].

26.    Reply of UMB Bank, N.A., as Indenture Trustee, in Support of the Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving the Rejection of Certain Agreements; and (III) Authorizing Entry Into New Agreements [Relates to Docket Nos. 5050, 5196, 5611], dated April 17, 2007 [Docket No. 5751].

27.    Debtors' Reply in Support of Their Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving the Rejection of Certain Agreements; and (III) Authorizing the Entry Into Certain New Agreements, dated April 17, 2007 [Docket No. 5753].

28.    Joinder of the Official Committee of Unsecured Creditors to Debtors' Reply in Support of Their Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 363 and 365 for Entry of an Order (I) Approving Settlement Agreement; (II) Approving Rejection of Certain Agreements; and (III) Authorizing the Entry Into Certain New Agreements, dated April 17, 2007 [Docket No. 5765].

29.    Bondholder Indemnity Letter in favor of UMB, dated August 2, 2005.

30.    Bondholder Direction Letter Appointing UMB, dated August 2, 2005.

31.    Bondholder Direction and Consent Re: $419,000,000 Kenton County Airport Board Special Facilities Revenue Bonds, 1992 Series A (Delta Air Lines, Inc. Project) and $19,000,000 Kenton County Airport Board Special Facilities Revenue Bonds, Series 1992 Series B (Delta Air Lines, Inc. Project).

MIAMI 741411 (2K)

32.     Lease Agreement by and between Kenton Airport Board (Kentucky) and Delta Air Lines, Inc., dated as of February 1, 1992 [Docket No. 5715 Ex B].

33.     Settlement Agreement between Delta Air Lines and UMB Bank, N.A., dated March 8, 2007 [Docket No. 5050 Ex. Settlement Agr.].

34.     Trust Indenture between Kenton County Airport Board and Star Bank, N.A. as Trustee, dated February 1, 1992 [Docket No. 5715 Ex. A].

35.     White & Case Letter to UMB, dated March 6, 2007 [Docket No. 5196 Ex B].

36.     UMB Proof of Claim No. 6230, dated August 21, 2006.

37.     Notice of (I) Settlement with Delta Air Lines, Inc. Regarding 1992 Series A and 1992 Series B Bonds; (II) Procedures Concerning Court Approval of Settlement and Related Deadlines; and (III) Hearing on Motion to Approval Settlement [Docket No. 5196 Ex. C].

38.     Objection of UMB Bank, N.A. as Indenture Trustee, to Debtors' Motion for Entry of an Order Approving the Rejection of Certain Executory Contracts and Unexpired Leases and Authorizing the Abandonment of Certain Personal Property [Docket No. 4301].

39.     Guaranty – Kenton County Airport Board Special Facilities Revenue Bonds, 1992 Series A and 1992 Series B (Delta Air Lines, Inc. Project) (the "Bonds") [Docket No. 5715 Ex. C].

40.     Bond Official Statement, dated February 1, 1992 [Docket No. 5757 Ex. 20].

41.     Forbearance and Standstill Agreements with UMB [Docket No. 5757 Exs. 21-22].

MIAMI 741411 (2K)

42.     Debtors' Motion for Entry of an Order Approving the Rejection of Certain Executory Contracts and Unexpired Leases and Authorizing the Abandonment of Certain Personal Property [Docket No. 2477].

43.     Objection of the Kenton County Airport Board to Debtors' Motion for Entry of an Order Approving the Rejection of Certain Executory Contracts and Unexpired Leases and Authorizing the Abandonment of Certain Personal Property [Docket No. 4288].

44.     Map of Cincinnati/Northern Kentucky International Airport (as identified by J. Turney).

45.     Settlement Agreement [Docket No. 5050 Ex. Settlement Agr.].

46.     New Lease [Docket No. 5050 Ex. F].

47.     New M&O Agreement [Docket No. 5050 Ex. G].

48.     New Bulk Storage Facilities Lease [Docket No. 5050 Ex. B].

49.     Sixth Amendment to the Airport Use Agreement [Docket No. 5050 Ex. D].

50.     New Indenture [Docket No. 5050 Ex. E].

51.     New Note [Docket No. 5050 Ex. C].

52.     Facilities Agreement [Docket No. 5757 Ex. 8].

53.     Ground Lease (Terminal).

54.     Ground Lease (Parking Lot).

55.     Bulk Storage Facilities Lease.

56.     M&O Agreement.

57.     Sublease for Delta Employee Parking Lot.

58.     Space Use Arrangement with Continental.

59.     Occupancy of Space License.

60.     Cincinnati Throughput Agreement.

61.    1992 Bond Indenture [Docket No. 5757 Ex. 17].

62.    Guaranty [Docket No. 5757 Ex. 18].

63.    Tax Certificate [Docket No. 4288 Ex. A].

64.    1992 Bond Official Statement [Docket No. 5757 Ex. 20].

65.    Forbearance Agreement and Amendments [Docket No. 5757 Ex. 21].

66.    December 2005 Stipulation and Extension [Docket No. 5757 Ex. 22].

67.    16 Bondholder Notices [Docket No. 5757 Ex. 23].

68.    FBG Certificate of Service of Notice and Copy of Mailing Notice [Docket No. 5318].

69.    Copy of Cincinnati Enquirer and WSJ Notices [Docket No. 5757 Ex. 25].

70.    Delta 8K re: Settlement Agreement (March 8, 2007) [Docket No. 5757 Ex. 26].

71.    3/9/07 Letter to Bloomberg; S&P, DPC Data and FT Interactive Data from I. Hammer re: Notice to Bondholders No. 16 [Docket No. 5757 Ex. 27].

72.    Airport Use Agreement [Docket No. 5757 Ex. 28].

73.    Delta – Plan of Reorganization and Disclosure Statement dated February 7, 2007 [Docket No. 4494 Exs. Plan and Disclosure Statement].

74.    Order re: 9.5% Notes [Docket No. 2986].

75.    Order re: LOA # 51 [Docket No. 2647].

76.    Order re: PBGC Settlement [Docket No. 3949].

77.    Stipulations re: termination of non-qualified pilot plan [Docket Nos. 2656, 3639 Ex. A].

78.    Supplemental 1114 Term Sheets [Docket No. 4267 App. Addendum A].

11

79. Order Approving Massport Settlement [Docket No. 4573].

80. Order re: Gate Gourmet [Docket No. 3869].

81. Orders re: Delta Connection Agreements with Republic and Mesa [Docket Nos. 5445, 5443].

82. Turney Deposition Transcript [Docket No. 5757 Ex. 38].

83. Holscher Deposition Transcript [Docket No. 5757 Ex. 39].

84. Bramwell Transcript [Docket No. 5757 Ex. 40].

85. Hearing Transcripts [Docket No. 5757 Ex. 41].

86. February 22, 2007 Direction Letter [Docket No. 5757 Ex. 42].

87. Grant Assurances [Docket No. 5757 Ex. 43].

88. Deposition of James Turney (highlighted portions as agreed to and designated by the parties).

89. Deposition of Frank Bramwell (highlighted portions as agreed to and designated by the parties).

90. Deposition of Robert Holscher (highlighted portions as agreed to and designated by the parties).

91. Transcript of April 19, 2007 hearing on Motion to Approve CVG Settlement Agreement Before the Honorable Adlai S. Hardin, United States Bankruptcy Judge, dated April 20, 2007 [Docket No. 6140].

92. Order Granting Debtors' Motion for Entry of an Order (I) Approving Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019, (II) Approving the Rejection of Certain Agreements Under Section 365 and (III) Authorizing the Entry Into Certain New Agreements Under Section 363, dated April 24, 2007 [Docket No. 5916].

93.     Decision Granting Rule 9019 Motion and Approving Settlement, dated April 25, 2007 [Docket No. 5987].

94.     Notice of Appeal filed by the Ad Hoc Committee of Kenton County Bondholders, dated April 24, 2007 [Docket No. 5961].

95.     Transcript of April 26, 2007 hearing on Motion For Stay Pending Appeal re: KCAB/CVG Settlement before the Honorable Adlai S. Hardin, United States Bankruptcy Judge, dated April 27, 2007.

MIAMI 741411 (2K)

Dated: September 24, 2007
      New York, New York

          WHITE & CASE LLP
          1155 Avenue of the Americas
          New York, New York  10036-2787
          (212) 819-8200
          By:  /s/  J. Christopher Shore
          J. Christopher Shore (JCS-6031)

          Wachovia Financial Center
          200 South Biscayne Boulevard, Suite 4900
          Miami, Florida 33131
          (305) 371-2700
          Thomas E Lauria (admitted *pro hac vice*)
          John K. Cunningham (JC 4661)

          ATTORNEYS FOR THE AD HOC COMMITTEE OF
          KENTON COUNTY BONDHOLDERS